Pursuant to Ind.Appellate Rule 65(D), this
Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jan 17 2012, 9:39 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REBECCA HERB, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1106-CR-251 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1101-FD-71

**January 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Rebecca Herb ("Herb") pleaded guilty in Allen Superior Court to four Class D felony offenses and was ordered to serve an aggregate two-year sentence with six months suspended to probation. Herb appeals and argues that her sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On January 11, 2011, Herb attempted to purchase two beers at the Bootleggers Bar and Tavern with a stolen credit card belonging to Gary Miller. After Herb's friend told the bartender that she was using a stolen credit card, Herb left the bar and drove away in a stolen vehicle. The vehicle had been reported stolen by its owner, Jennifer McGinnis, in July 2010.

Fort Wayne Police Officers apprehended Herb and she was arrested. Herb admitted to stealing Gary Miller's credit card and that she also had stolen his wife's credit card. She used the latter card to obtain $800 in cash from an ATM in Mississippi. Herb also confessed that she knew she was driving a stolen vehicle. Police officers also discovered in Herb's possession a stolen wallet belonging to Joan Anderson. Herb admitted that she stole Anderson's wallet while she was cleaning Anderson's home.

On January 13, 2011, Herb was charged with Class D felony fraud, two counts of Class D felony receiving stolen property, and Class D felony receiving stolen auto parts. Shortly thereafter, Herb pleaded guilty as charged, and a sentencing hearing was held on May 10, 2011. The trial court ordered Herb to serve concurrent terms of two years, with six months suspended to probation, for each Class D felony conviction. Herb was also

2

given credit for 121 days of jail time. Herb now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

Herb argues that her aggregate two-year sentence, with six months suspended to probation, is inappropriate in light of the nature of the offense and the character of the offender. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. Id. (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)). Finally, although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

In this case, Herb was ordered to serve concurrent two-year sentences, with six months suspended to probation, for her four Class D felony convictions. A person convicted of a Class D felony "shall be imprisoned for a fixed term of between six (6)

3

months and three (3) years, with the advisory sentence being one and one-half (1½) years." Ind. Code § 35-50-2-7.

Concerning the nature of the offense, we observe that four victims were harmed by Herb's four Class D felony offenses. But other than multiple victims, there are no facts surrounding the nature of the offenses that would support a sentence above the one and one-half year advisory sentence for a Class D felony.

But Herb's character supports the sentence imposed. Herb's decision to plead guilty, while reflecting well on her character, was also a pragmatic decision because she admitted to committing all four offenses when she was arrested. Moreover, in imposing its sentence, the trial court considered Herb's struggles with alcohol abuse and depression.

Herb has not led a law abiding life. She has been convicted of multiple misdemeanors in multiple jurisdictions, including four misdemeanor larceny convictions and a misdemeanor forgery conviction in New York and larceny and uttering misdemeanor convictions in Mississippi. Herb also pleaded guilty to felony possession of a controlled substance in Mississippi, but the court withheld adjudication and placed Herb on probation for five years. An arrest warrant has been issued for Herb in that cause because she failed to abide by the terms of her probation. Herb also has several misdemeanor charges pending against her in the state of New York and a warrant has been issued for her arrest because she failed to appear for a scheduled court hearing there. For all of these reasons, we conclude that Herb's aggregate two-year sentence is not inappropriate.

4

**Conclusion**

Herb's two-year aggregate sentence, with six months suspended to probation, is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.