**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 29 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
  Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL W. PINE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1111-CR-588 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1007-FA-2341

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Michael Pine appeals his sentence for dealing in methamphetamine as a class B felony and three counts of neglect of a dependent as class C felonies. Pine raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

The relevant facts follow. On or about June 10, 2010, Pine manufactured methamphetamine in his home in Vigo County, and the methamphetamine lab exploded in the home and caused a fire and severe injuries to Pine, who was in a coma for six weeks and suffered burns over forty percent of his body. Pine also endangered the lives of his three minor dependents by having them in a location in which methamphetamine was being manufactured, although his children were not harmed in the explosion or fire. The State charged Pine with Count I, dealing in methamphetamine as a class A felony, as well as Counts II-IV, neglect of a dependent as class C felonies. Pine and the State subsequently entered into a plea agreement whereby Pine would plead guilty to the lesser-included offense of dealing in methamphetamine as a class B felony, as well as to the three counts of neglect of a dependent. Pursuant to the agreement, sentencing would be left to the trial court's discretion but the sentences would be ordered to run concurrently.

On October 17, 2011, the court held a change of plea hearing in which the court accepted the plea agreement and Pine pled guilty pursuant thereto. The court proceeded to sentencing and identified as aggravators that the victims were less than twelve years of age and that the nature and circumstances of Pine's acts were "by far the most egregious meth lab case I have had in . . . the nine (9) years." The court noted that Pine

1

"endangered not only himself, as he has the scars to, to prove that, but he clearly endangered everyone in that house, including his wife and the three (3) children, one (1) of whom was eleven (11) months of age . . . ." Transcript at 53. The court then determined as mitigators Pine's minimal criminal history, the hardship to his family, the support he enjoyed from family and friends, and that he suffered burns on forty percent of his body. The court sentenced Pine to ten years on Count I, with six years executed and four years suspended to probation, and six years each on Counts II-IV to be served concurrently; thus, Pine received an aggregate sentence of ten years with four years suspended to probation.

The issue is whether Pine's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). Pine argues that he sustained serious injuries and "will forever be reminded of his crime and will pay the price for it day-in and day-out as he deals with nerve damage and the pain of his burns and the scars that remain." Appellant's Brief at 5. Pine argues that it is "obvious" that he "does not want to waste his second chance at life and he recognizes the responsibility he has to care for his family," and he notes that he has been living a sober lifestyle since his arrest, that he loves his children and worked to be reunited after they were taken by Child Protective Services, and that, as a resident at

2

the Freebirds Solution Center, he has been a leader for others battling addiction and "became a peer leader to other residents of the program and was placed in the honors dorm." Id. at 5-6. The State argues that Pine's "sentence is more than appropriate," noting that "[i]t is well known that [manufacturing methamphetamine] is a dangerous enterprise involving volatile chemicals and the very real possibility of explosion and fire" and that "[i]ndifferent to their safety, [Pine] callously exposed his family to this dangerous illegal activity . . . ." Appellee's Brief at 6. The State also argues that Pine "manufactured methamphetamine, not for his personal use, but for money he could make selling it." Id.

Our review of the nature of the offense reveals that Pine manufactured methamphetamine in his home in which he lived with his wife and three children. In June 2010, Pine's house caught fire and Pine sustained bodily injuries as a result of an explosion from his methamphetamine manufacturing activities. Pine admitted at sentencing that he was selling methamphetamine, noting that his manufacturing activities were the result of "stupidity" and was driven by "[t]he money." Transcript at 31.

Our review of the character of the offender reveals that in 1999, Pine pled guilty to resisting law enforcement as a class A misdemeanor after it was reduced from a class D felony pursuant to a plea agreement. In 2002, Pine pled guilty to driving while suspended as a class A misdemeanor and disregarding signal as an infraction. Pine was successful in reuniting his family after his children were initially removed by the Department of Child Services by completing the Department's program which included random drug screens, parenting classes, substance abuse classes, and counseling.

3

Pine was originally charged with dealing in methamphetamine as a class A felony and three class C felonies. Pine entered into a plea agreement in which he pled guilty to the lesser-included offense of dealing in methamphetamine as a class B felony and the three counts of neglect of a dependent as class C felonies. As part of the plea agreement the State agreed that Pine's sentences would be ordered to be served concurrently. At sentencing, Pine was sentenced in accordance with the plea agreement to a total of six years executed with an additional four years of probation. After due consideration, we cannot say that Pine's sentence is inappropriate in light of the nature of the offenses and the character of the offender.

For the foregoing reasons, we affirm Pine's sentences for dealing in methamphetamine as a class B felony and three counts of neglect of a dependent as class C felonies.

Affirmed.

BAKER, J., and KIRSCH, J., concur.