**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MATTHEW McKINNEY, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No.  15A01-1309-CR-399 |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-1302-FA-8

**April 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Matthew McKinney appeals the thirty-year aggregate sentence imposed by the trial court after he pleaded guilty to Count I, Dealing in a Schedule II Controlled Substance,[1] a class A felony, Count II, Dealing in a Schedule II Controlled Substance,[2] a class B felony, and Count III, Dealing in Marijuana,[3] a class C felony. More particularly, McKinney argues that the cumulative sentence was inappropriate in light of the nature of his offense and his character. Concluding that McKinney's sentence was not inappropriate, we affirm the judgment of the trial court.

FACTS

In April 2012, the Dearborn County Special Crimes Unit received tips that McKinney was dealing drugs from his apartment and at a park in Lawrenceburg. Consequently, an undercover officer made contact with McKinney and purchased hydrocodone and marijuana from him on several occasions, including January 3, 2013, January 4, 2013, January 8, 2013, January 11, 2013, January 17, 2013, January 24, 2013, and February 6, 2013. On February 13, 2013, the State charged McKinney with Count I, dealing in a schedule II controlled substance within 1,000 feet of a family housing complex as a class A felony; Count II dealing in a schedule II controlled substance as a class B felony; and Count III dealing in marijuana within 1,000 feet of a family housing complex as a class C felony.

---

[1] Ind. Code § 35-48-4-2(a)(1)(C), (b)(2)(B)(iii)

[2] I.C. § 35-48-4-2(a)(1)(C)

[3] I.C. § 35-48-4-10(b)(2)(B)(ii)

On July 10, 2013, McKinney pleaded guilty to all counts. The trial court held a sentencing hearing on August 20, 2013. At the hearing, McKinney testified that he could neither read nor write, and that, while he had been able to briefly work at jobs where reading was not required, he had trouble holding down a job. McKinney and his mother both testified that his literacy difficulties might be the result of a childhood injury to his head caused by a two-story fall. McKinney further testified that he was injured while working at Midwest Cylinder and that the injury led to his addiction to painkillers, as he was prescribed Vicodin for pain, though McKinney never sought effective treatment for his drug addiction. Additionally, McKinney had prior convictions for possession of marijuana in 2004 and possession of paraphernalia in 2006. McKinney received probation for both convictions.

On August 21, 2013, the trial court held a pronouncement of sentencing hearing. At the hearing, the trial court considered McKinney's limited I.Q. and learning disabilities as mitigating factors. However, the trial court also found that McKinney's ability to participate in an ongoing illegal drug operation showed an ability to plan, coordinate, and communicate. The trial court believed this ability showed that McKinney did indeed have the ability to pursue a legal vocational career and instead chose to participate in illegal activities. The court considered as aggravating factors McKinney's criminal history, that he sold illegal substances in a family housing complex, and that McKinney failed to effectively seek drug treatment. After weighing the mitigating and aggravating factors, the trial court sentenced McKinney to thirty years of incarceration

3

with ten years suspended and the final two years to be served on probation on Count I, to ten years on Count II, and to four years on Count III with all sentences to be served concurrently for an aggregate of thirty years with ten years suspended.

McKinney now appeals.

DISCUSSION AND DECISION

McKinney argues that the sentence imposed by the trial court is inappropriate in light of the nature of his offenses and his character pursuant to Indiana Appellate Rule 7(B). More particularly, McKinney argues that, as his longest sentence is for dealing in a schedule II controlled substance within 1,000 feet of a family housing complex as a class A felony, this court should consider the fact that the legislature has revised the criminal code concerning drug offenses. McKinney points the Court to revised Indiana Code section 38-48-4-2(a), effective July 1, 2014, which classifies the sale of a schedule II controlled substance, absent enhancing circumstances, as a Level 5 felony with an advisory sentence of two years. Additionally, McKinney argues that the trial court did not adequately consider his level of mental functioning when it decided to give him the advisory sentence. McKinney asks that this Court reverse the trial court's order sentencing him to the advisory terms for each of his offenses and resentence him to the minimum term of imprisonment to be served concurrently.

On appeal, this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind.

4

Appellate Rule 7(B). However, this court does not substitute its judgment for that of the trial court. Foster v. State, 795 N.E.2d 1078, 1092 (Ind. Ct. App. 2003). Under Appellate Rule 7(B), the question is not whether it is more appropriate to impose a different sentence upon the defendant, but whether the defendant's sentence is appropriate. Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). The defendant bears the burden of persuasion on appeal that the sentence he received is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

We start by noting that, when considering the nature of the offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." Anglemyer v. State, 868 N.E2d 482, 494 (Ind. 2007). McKinney pleaded guilty to Count I, II, and III, and on each was given the advisory sentence: thirty years is the advisory sentence for a class A felony under Indiana Code section 35-50-2-4, ten years is the advisory sentence for a class B felony under Indiana Code section 35-50-2-5, and four years is the advisory sentence for a class C felony under Indiana Code section 35-50-2-6.

McKinney argues that these advisory sentences should be eschewed by this Court as a result of the recent revisions the legislature has made concerning drug offenses. However, McKinney committed his crimes and was sentenced before the legislature made these revisions, and while McKinney is correct that, "had McKinney committed his crime after July 1, 2014, he would no longer be eligible" for the enhancement for selling within 1,000 feet of a housing complex, he fails to note that he might still be eligible for

an enhancement for selling within 500 feet of a public park while a person under eighteen years of age was reasonably expected to be present under the Indiana Code section 35-48-1-16.5, effective July 1, 2014. Appellant's Br. p. 11. Regardless, Courts must generally sentence defendants under the sentencing statutes in effect at the time the defendant committed the offense.[4] Barber v. State, 863 N.E.2d 1199, 1209 (Ind. Ct. App. 2007). Therefore, McKinney's argument concerning the nature of his offenses avails him of nothing.

McKinney also contends that his sentence is inappropriate in light of his character and avers that the trial court did not give apt consideration to the possibility of a lesser rehabilitative sentence in light of McKinney's mental struggles. However, the record shows that the court did indeed consider McKinney's mental problems and that it recognized his educational struggles and low I.Q. Tr. p. 71. However, after considering McKinney's criminal history and his extensive pattern of selling illegal controlled substances, the trial court determined that he was "not likely to respond to short term incarceration." Id. at 72. In light of McKinney's criminal history and pattern of selling drugs, we do not find that the trial court's sentence was inappropriate.

The judgment of the trial court is affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

[4] An exception to this rule exists. The doctrine of amelioration provides that "a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime." Richards v. State, 681 N.E.2d 208, 213 (Ind. 1997). However, McKinney was sentenced before the effective date of the revised Indiana Code section 38-48-4-2(a), which is effective July 1, 2014. Thus, the doctrine of amelioration does not apply.