**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BILLY RAY YOUNG, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 34A04-1403-CR-114 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-1308-FB-662

**August 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Billy Ray Young appeals his six-year sentence imposed by the trial court after he pleaded guilty to Count I residential entry[1] as a Class D felony and Count II receiving stolen property[2] as a Class D felony. More particularly, Young argues that the sentence is inappropriate in light of the nature of the offenses and his character. Concluding that Young's sentence is not inappropriate, we affirm the judgment of the trial court.

FACTS

On August 22, 2013, Young rode a stolen motor scooter to 1601 Cranbrook Drive in Kokomo and entered the residence without permission. Police Officers Galloway and Hintz arrived at the house after a tip from a neighbor, and they discovered Young inside the residence. The officers ordered Young to come out of the house. He attempted to flee at first but eventually complied with the officers' requests. Officer Galloway then entered the house to check for other intruders, and he observed that in one bedroom the dresser drawers had been pulled out and clothes from a closet were thrown on the floor.

The officers saw a moped parked in the driveway of the house, and Young initially admitted the moped was his. Officer Hintz checked the VIN number associated with the vehicle and learned that the moped was stolen the day before from the owner, Donald Sheagly. When Young was informed that the moped was stolen, he changed his story and denied any knowledge of the vehicle.

---

[1] Ind. Code § 35-43-2-1.5
[2] Ind. Code § 35-43-4-2

2

On August 23, 2013, the State charged Young with Count I attempted burglary as a class B felony and Count II receiving stolen property as a class D felony. On February 12, 2014, Young pleaded guilty to residential entry, a lesser included offense for Count I, and to Count II. The trial court determined that there were an array of aggravating factors in this case, including: 1) Young's criminal history; 2) the fact that he was on bond when these offenses were committed; 3) the fact that he made it less than thirty days at the Home of Hope treatment center before being discharged; and 4) the violation of his probation. The trial court found that there were no mitigating factors. Thus, it sentenced Young to three years executed on each count, to be served consecutively.

Young now appeals.

DISCUSSION AND DECISION

Young argues that the sentence imposed by the trial court is inappropriate in light of the nature of his offenses and his character pursuant to Indiana Appellate Rule 7(B). Specifically, Young expresses a desire to turn his life around and get help for his drug addiction. Appellant's Br. p. 3. Young asks that this Court modify his sentence to in-home detention (rather than incarceration) and order drug assistance under the Therapeutic Community Program. Appellant's Br. p. 3.

On appeal, this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). However, this court does not substitute its judgment for that of the

3

trial court. Foster v. State, 795 N.E.2d 1078, 1092 (Ind. Ct. App. 2003). Under Appellate Rule 7(B), the question is not whether it is more appropriate to impose a different sentence upon the defendant, but whether the defendant's sentence is appropriate. Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). The defendant bears the burden of persuasion on appeal that the sentence he received is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." Anglemyer v. State, 868 N.E2d 482, 494 (Ind. 2007). According to Indiana Code section 35-50-2-7, the advisory sentence for a Class D felony is one and one-half years. Here, the trial court imposed the maximum sentence, three years, on each count, and ordered them to run consecutively. Tr. p. 22. The record demonstrates that Young rode a stolen vehicle to a house that he entered without the permission of the owner. Tr. p. 12. He attempted to flee from the officers, and he lied to them about ownership of the moped. Appellee's App. p. 2-4. These facts support the sentence imposed by the trial court.

Young also argues that his sentence is inappropriate in light of his character. Specifically, he "acknowledges that his 'drug abuse is a constant' and that at all times prior to today he has lied to himself and failed to build a proper foundation for turning his life around." Appellant's Br. p. 3. But, he truly believes that this time will be different. Tr. p. 19. However, after considering Young's criminal history, probation violation, and failed attempts at drug rehabilitation, the trial court concluded that the maximum

4

sentence was appropriate for each count. Tr. p. 21-22. In light of Young's history and character, we do not find that the sentence imposed by the trial court was inappropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.