## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 18 2016, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan M. Truitt
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric Heinrichs, *Appellant-Defendant*, | May 18, 2016 |
| | Court of Appeals Case No. 64A05-1511-CR-1894 |
| v. | Appeal from the Porter Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable William E. Alexa, Judge |
| | Trial Court Cause No. 64D02-1307-FB-6650 |

**Brown, Judge.**

[1] Eric Heinrichs appeals his sentence for two counts of dealing in cocaine or narcotic drugs as class B felonies. Heinrichs raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm.

### Facts and Procedural History

[2] On February 21, 2013, at two different times, Heinrichs sold a total of 0.17 grams of heroin to a confidential informant. On July 24, 2013, the State charged him with two counts of dealing in cocaine or narcotic drugs as class B felonies.

[3] On December 20, 2013, Heinrichs and the State filed a Recommendation of Plea Negotiation (the "Recommendation") which stated that Heinrichs would plead guilty as charged and be sentenced to Porter County Drug Court, and that if he did not qualify or did not successfully complete drug court, then sentencing would be at the discretion of the court. The Recommendation, which was signed by Heinrichs and his counsel, also stated that Heinrichs waived his right to appeal his sentence.

[4] On January 31, 2014, the court held a hearing,[1] accepted the Recommendation, sentenced Heinrichs to the Porter County Drug Court, and stated: "If defendant does not successfully complete Drug Court, the defendant will be returned to this Court for sentencing at the Court's discretion. If Defendant does

---

[1] The record does not contain a copy of the transcript of this hearing.

successfully complete Drug Court, these judgments will be set aside and this cause would be dismissed." *Id.* at 49.

[5] On August 12, 2015, the court held a hearing at which Heinrichs, his attorney, and team members were present.[2] Two days later, the court entered an order finding that Heinrichs had eleven proven and/or admitted violations, both behavioral and drug-use related. The court found that Heinrichs "refuses to follow the rules and regulations of the Drug Court Program, that most of his violations are schedule violations, lying and total disregard of Court Orders." *Id.* at 100. The court ordered Heinrichs terminated from the Program and that he be returned to the court for further proceedings.

[6] On October 9, 2015, the court held a hearing. Lita Renee Peters, an employee of Respite House, testified that Heinrichs came to Respite House on November 22, 2013, that he became employed and had a couple of jobs, and that he was drug tested ten times and passed the tests. When asked whether Heinrichs complied with the rules of Respite House while he was there, Peters answered: "For the most part. He had a few demerits but nothing major." Transcript at 5. She stated that Heinrichs was "a little delusional from time to time" and that when he met with his case managers he had a problem "distinguishing that he was there for business rather than pleasure." *Id.* at 6. She also testified that she had heard that he had relapsed. The court then asked Peters if she was aware

---

[2] The record does not contain a copy of the transcript of this hearing.

there was a termination hearing held on August 12th and that the court had found that Heinrichs had eleven proven and/or admitted violations for both behavior and drug use, and Peters responded that she was not. She also testified that she thought a lot of Heinrichs's "problems are addiction and mental." *Id.* at 10.

[7] At the hearing, Heinrichs stated:

> Your Honor, humbly, I take full responsibility for losing sight and failing my program. I have absolutely nothing but the highest regard for my case workers and the honorable Judge Jent. As I put time, they put – as they put time in, they helped me and I am grateful to them all. Truthfully, I am deeply saddened by this current situation, however, I have a great progress and continuing progress in my life. And I've [sic] very blessed for all the events that have taken place. It has helped my growth in life and my relationship with God, and I thank you for your discretion and consideration on this matter.

*Id.* at 11.

[8] The court noted that Heinrichs has had problems dealing with drugs and that he probably has mental health issues as well, and sentenced him to concurrent terms of six years for each count in the Department of Correction ("DOC"). The court recommended that Heinrichs be placed in the DOC's Purposeful Incarceration program which deals with both drug and mental health issues. The court stated that "[s]hould [he] successfully complete the program, the Court may consider a modification." Appellant's Appendix at 112. Further, the court said:

I told you back at the change of plea, that you'd be waiving certain rights, one of which was the right to appeal it. And that is, in fact, true, except when you have failed to complete the drug court and the sentencing at my discretion. That changes it. You have a right to appeal the sentencing decision but not the plea itself. You are entitled to take that particular course of action, if you wish.

Transcript at 17-18.

## *Discussion*

[9] The issue is whether Heinrichs's sentence is inappropriate in light of the nature of the offenses and his character. He argues that he stands guilty of providing a willing buyer a narcotic drug, that the confidential informant actively sought out the drugs that he sold, and that he was simply supplying a demand to support his own addiction. He asserts that his failures were due to his mental health issues, and requests that we remand with instructions to resentence him to six years with all but time served suspended, with placement at Respite House and dual diagnosis treatment as a condition of probation.

[10] The State argues that Heinrichs waived the right to challenge his sentence on any grounds under the plea agreement. It contends that, to the extent the trial court may have given an ambiguous advisement of the right to appeal at the conclusion of the sentencing hearing, in light of the express waiver provision contained in the agreement, the advisement is irrelevant and does not invalidate the waiver. The State also asserts, waiver notwithstanding, that the sentence is not inappropriate.

[11] Even assuming, without deciding, that Heinrichs did not waive the right to appeal his sentence, Heinrichs would not prevail. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Our review of the nature of the offense reveals that Heinrichs sold a total of 0.17 grams of heroin to a confidential informant on two different occasions on the same day. Our review of the character of the offender reveals that Heinrichs pled guilty as charged but agreed to be sentenced to the Porter County Drug Court. According to the presentence investigation report ("PSI"), Heinrichs, who was born in 1969, stated that he has been addicted to drugs for twenty-two years and alluded to the fact that he has been a drug runner for years to support his habit. The PSI reports that Heinrichs stated: "I made a poor choice because I made my choice when I was in my addiction, greed of getting more to feed my addiction. I take full responsibility for my actions and I am prepared to accept the consequences of those decisions." Appellant's Appendix at 43.

[13] According to the PSI, Heinrichs experimented with marijuana in high school and said that he has never been seen by a mental health professional. He reported taking one hit of a marijuana cigarette on a yearly basis between the ages of thirty-eight and forty-two, and at the age of twenty-one, he started using

cocaine and was "married" to the drug until August 2013. *Id.* at 45. He reported using cocaine sometimes on a daily basis and a minimum of three days per week. He admitted to experimenting with many drugs, including acid, heroin, Vicodin, and Percocet.

[14]    In 1995, he was charged in South Dakota with possession of a controlled substance as a class 5 felony, ingesting an intoxicant other than an alcoholic beverage as a class 1 misdemeanor, driving with a suspended license, and possession of drug paraphernalia as a class 2 misdemeanor. The court withheld entering judgment on the class 5 felony, ordered two years of probation and completion of a drug abuse assessment, and dismissed the remaining charges. A petition for revocation of probation was pending at the time the PSI was completed and a bench warrant was issued for failure to comply with the sentence. In 1998, Heinrichs was charged with driving while suspended which was amended to "No Operator's License in Possession." *Id.* at 41.

[15]    In 2000, Heinrichs was convicted of driving while suspended as a class A misdemeanor and sentenced to 180 days in the Porter County Jail, with all but time served, ten days PACT, and six months unsupervised probation. In March 2001, the court found that Heinrichs had violated his probation, and ordered him returned to complete PACT and extended probation. In January 2002, the court again found that Heinrichs violated his probation.

[16] Between 2001 and 2005, he was charged with conversion, check deception, possession of paraphernalia, and driving while suspended as class A misdemeanors, but these charges were dismissed.

[17] In 2011, Heinrichs was charged with possession of a controlled substance and possession of a narcotic drug as class D felonies. The court sentenced him to twelve months in the DOC for possession of a controlled substance as a class A misdemeanor, placed him on probation, and ordered him to receive a substance abuse evaluation and participate in therapy as a condition of probation. He was subsequently ordered to return and complete substance abuse treatment but failed to complete that program, and he later admitted to a probation violation and was released unsatisfactorily from probation. The PSI indicates that his overall risk assessment score placed him in the moderate risk to reoffend category.

[18] After due consideration of the trial court's decision, we cannot say that minimum concurrent sentences of six years is inappropriate in light of the nature of the offenses and the character of the offender.

## Conclusion

[19] For the foregoing reasons, we affirm Heinrichs's sentence.

[20] Affirmed.

Baker, J., and May, J., concur.