James Edward FORD, Appellant
(Defendant Below ),

v.

STATE of Indiana, Appellee
(Plaintiff Below ).

No. 45S00–9806–CR–353.

Supreme Court of Indiana.

Nov. 9, 1999.

Mark A. Bates, Appellate Public Defender, Crown Point, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

James Ford was convicted of the murder of Lorenzo Lee and sentenced to sixty-five years imprisonment. Ford raises two issues on appeal: (1) whether the trial court erred when it instructed the jury on reasonable doubt and witness credibility and (2) whether the trial court erred by imposing the maximum sentence.

**Factual and Procedural Background**

On October 14, 1997, Lee died as a result of gunshot wounds to the head, chest and abdomen. At trial, Kenneth White testified that he saw Ford walk up behind Lee and point his hand toward Lee's head. Although he did not see a gun, White heard three gunshots and saw Lee fall to the ground. Ford then fled in a car. Two friends later drove Ford to Chicago where he was eventually apprehended when police discovered him hiding in a garbage dumpster. During the trip back to Gary, Ford told police that he had shot someone but claimed it was because the other person had fired the first shot.

The jury convicted Ford of murder. The trial court sentenced him to sixty-five years imprisonment. This appeal ensued.

**I. Jury Instructions**

Ford contends that the trial court erred when it instructed the jury on reasonable doubt and witness credibility. Ford objected to the instructions at trial but did not tender alternative instructions. This Court has recently held that a defendant is not necessarily required to tender proposed alternative instructions to pre-serve a claim of error. *Scisney v. State,* 701 N.E.2d 847, 848 (Ind.1998). Rather the focus is on "whether an instruction objection at trial was sufficiently clear and specific to inform the trial court of the claimed error and to prevent inadvertent error." *Id.*

Ford contends that the trial court erred in instructing the jury on reasonable doubt. In relevant part, that instruction stated:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you should find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Ford argued at trial that because the word "real" is equated with "very" in "today's jargon," the jury would have to find a "significant or substantial doubt" before acquitting the defendant. This was sufficient to preserve the issue for appeal. Ford acknowledges that the sentence he challenges was included in the reasonable doubt instruction approved by a majority of this Court in *Winegeart v. State,* 665 N.E.2d 893, 902 (Ind.1996), but nonetheless contends that this instruction is improper because of the use of the word "real" in the last sentence of paragraph two. "Real" in this context seems fairly clearly to be the adjective meaning "actual," not the slang adverb which is a corruption of "really" as in "real big deal." Whether or not every juror would identify this grammatical point, we do not believe anyone would conclude that the term "real possibility" would have the connotation Ford urges. The trial court did not err in giving this instruction.

■ Ford also contends the trial court erred in instructing the jury on witness credibility:

> You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe, the memory, manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; the relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considering all of the evidence in the case.
>
> You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. However, if you find that the testimony of a witness is so unreasonable as to be unworthy of belief, or if you find so much conflict between the testimony of witnesses that you cannot believe all of them, then you must determine which of the witnesses you will believe and which of them you will disbelieve.
>
> In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day-to-day living. You may find that the number of witnesses who testify for a particular side or the other, or the quantity of evidence on a particular point does not control your determination of the truth. You should give the greatest weight to that evidence that convinces you most strongly of its truthfulness.

At trial Ford argued that the instruction "creates a presumption of truthfulness on the part of the witnesses which denigrates the presumption of innocence that is to be attributed to the defendant" by directing the jury to "attempt to fit the evidence to the presumption that the defendant is in-

nocent and the theory that every witness is telling the truth." His request that the sentence be deleted was sufficient to preserve the issue for appeal.

This instruction is a near verbatim recitation of a pattern jury instruction developed by the Indiana Judges Association and approved by this Court in *Young v. State*, 696 N.E.2d 386, 390 (Ind.1998), over a defendant's objection to the same sentence. *See* 1 *Indiana Pattern Jury Instructions (Criminal)* 1.17 (2d ed.1991). The instruction "does not mandate that jurors are to believe every witness irrespective of the defendant's presumption of innocence," *Young*, 696 N.E.2d at 391, but instead directs them to disregard witnesses who are "so unreasonable as to be unworthy of belief." It merely cautions jurors not to disregard a witness' testimony without sufficient cause and does not provide them with contradictory directions. The trial court did not err in instructing the jury.

## II. Sentence

■ In general, sentencing determinations are within the trial court's discretion and are governed by Indiana Code § 35–38–1–7.1. *See Harris v. State*, 659 N.E.2d 522, 527 (Ind.1995). If a trial court relies on aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Id.* at 527–28. If a court does not find mitigating circumstances, it does not need to articulate its balancing of aggravating and mitigating circumstances. *Wooley v. State*, 716 N.E.2d 919, 929 (Ind.1999). Ford contests only the trial court's finding of aggravating circumstances.

The trial court relied on four aggravating circumstances in enhancing Ford's sentence: (1) Ford was on parole at the time of the offense; (2) Ford has a history

of criminal activity; (3) Ford is in need of correctional treatment that can only be provided by a long prison sentence; and (4) the nature and circumstances of the crime, i.e., the killing was brutal and for no apparent reason. All of these are aggravating circumstances identified by the statute. *See* Ind.Code §§ 35–38–1–7.1(a)(2) & (b)(1)-(3) (1998).

 Ford contends that the trial court erred in relying on his criminal history as an aggravating circumstance because his prior convictions were for theft and possession or delivery of drugs but not for violent crimes against persons. The trial court properly relied on Ford's criminal history of four convictions as an aggravating circumstance. There is no requirement in case law or statute that a prior history contain violent crimes before a defendant's criminal history may be taken into account in sentencing for a violent crime. *See Ellis v. State*, 707 N.E.2d 797, 804 (Ind.1999). This was clearly a proper aggravating circumstance.

 Ford also argues that the trial court erred in using the "in need of correctional treatment" aggravator because the trial court did not explain why Ford could not benefit from minimum correctional treatment. Ford is correct that when relying on the "in need of correctional treatment" aggravating circumstance, a trial court "must articulate why this specific defendant requires corrective or rehabilitative treatment that could best be provided by commitment to a penal facility for a period of time in excess of the presumptive sentence." *Beason v. State*, 690 N.E.2d 277, 282 (Ind.1998). The trial court cited the "is in need of correctional treatment" aggravator because Ford's "prior lenient treatment has had no deterrent effect."

This statement identifies Ford's previous unsuccessful attempts at rehabilitation as justification for imposing the maximum sentence as opposed to a more lenient sentence. This was sufficient to support the trial court's use of the "in need of correctional treatment" aggravating circumstance. The trial court did not abuse its discretion in imposing an enhanced sentence.[1]

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

---

1. Ford also recites the standard for appellate review and revision of sentences found in Appellate Rule 17 and Article VII, § 6 of the Indiana Constitution. However, he makes no argument as to why his sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Instead, Ford focuses only on the propriety of the trial court's use of his criminal history and his "need for correctional or rehabilitative treatment" as aggravating circumstances. Without more, Ford's argument with respect to the "review and revise" provision of the constitution is waived for failure to state a cogent argument. Ind. Appellate Rule 8.3(A)(7); *cf. Anderson v. State*, 699 N.E.2d 257, 260 n. 2 (Ind.1998).