ATTORNEY FOR APPELLANTS
Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
MARION COUNTY PUBLIC DEFENDER AGENCY
Ann M. Sutton
Marion County Public Defender Agency
Indianapolis, Indiana

Joel M. Schumm
Indiana University School of Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

## No. 61S01-0510-CR-484

ROGER D. CHILDRESS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

## No. 61S04-0510-CR-485

GARY L. CARROLL,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff  below).*

Appeal from the Parke Circuit Court

Nos.   61C01-0402-FB-56
61C01-0303-FB-55
61C01-0204-FD-59
61C01-0306-FC-104
The Honorable Ronda R. Brown, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals
Nos. 61A01-0409-CR-391 and 61A04-0409-CR-483

_____

**June 14, 2006**

**Rucker, Justice.**


In these two cases we address whether a defendant may challenge on appeal the appropriateness of a sentence imposed under the terms of a plea agreement.


**Facts and Procedural History**


Roger D. Childress was charged with multiple drug related felony offenses and one non-drug related misdemeanor.  Under the terms of a written plea agreement, Childress agreed to plead guilty to possession of methamphetamine as a Class B felony, and the State agreed to dismiss the remaining charges.  The plea agreement also provided, "Defendant will be sentenced to the Indiana Department of Corrections for a period of six (6) years, however, both sides shall be free to argue what, if any, of the same should be executed."  Appellant's App. at 25.  The trial court accepted the agreement and Childress pleaded guilty pursuant to its terms.  At the sentencing hearing the trial court imposed a sentence of six (6) years, all of which were to be executed.


Childress appealed arguing among other things that the sentence the trial court imposed was inappropriate because (i) probation was an option, (ii) Childress is a good candidate for probation, and (iii) in its pre-sentence report the probation department recommended that a portion of Childress' sentence be suspended.  Br. of Appellant at 5.  In an unpublished memorandum decision the Court of Appeals declared, "If . . . a defendant signs a plea agreement

in which he agrees to a specific term of years or to a sentencing range other than that authorized by statute, he will not be able to claim thereafter that a sentence imposed consistent with the agreement is inappropriate. By voluntarily entering into this type of plea agreement a defendant necessarily agrees that the sentence is appropriate, and we cannot say that the sentence is inappropriate. . . . Because Childress voluntarily entered into this agreement with the State, he cannot now claim that the specific term of years of imprisonment in the original agreement is inappropriate." Childress v. State, No. 61A04-0409-CR-391, slip op. at 3-4 (Ind. Ct. App. Apr. 14, 2005) (citations omitted). Nonetheless the court addressed Childress' claim and concluded that his sentence was appropriate in light of the nature of the offense and character of the offender.

Under four separate cause numbers Gary L. Carroll was charged with multiple drug and weapon related felony offenses. According to the terms of a written plea agreement, Carroll agreed to plead guilty to dealing in methamphetamine as a Class B felony, carrying a handgun without a license as a Class C felony, and resisting law enforcement as a Class D felony. The State agreed to dismiss the remaining charges. The plea agreement also provided, "The State of Indiana and the Defendant agree that both sides are free to argue the Defendant's sentence with the maximum possible sentence being twelve (12) years executed." Appellant's App. at 78. The trial court accepted the agreement and Carroll pleaded guilty pursuant to its terms. At the sentencing hearing the trial court imposed the presumptive ten-year sentence for the Class B felony conviction, the presumptive four-year sentence for the Class C felony conviction, and the presumptive one and one-half year sentence for the Class D felony conviction. Ordering the Class C and B felonies to run concurrently and the Class D felony to run consecutively to the other sentences, the trial court imposed a total executed sentence of eleven and one-half years.

Carroll appealed arguing among other things that the trial court ignored significant mitigating factors and thus the presumptive sentences were inappropriate. Rejecting Carroll's claim the Court of Appeals declared in an unpublished memorandum decision, "Carroll entered into a plea agreement wherein he agreed to a sentencing range other than the range authorized by statute, and he is not now able to claim that a sentence imposed consistent with this agreement is

inappropriate." Carroll v. State, No. 61A04-0409-CR-483, slip op. at 6 (Ind. Ct. App. May 4, 2005) (citations omitted).

Having previously granted transfer in both cases and consolidating them for purposes of oral argument and resolution, we now address the sole issue presented for our review: whether a defendant may on appeal challenge the appropriateness of a sentence imposed under the terms of a plea agreement.

**Background**

Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In a series of recent opinions the Court of Appeals has addressed whether and under what circumstances a defendant may raise a Rule 7(B) challenge to a sentence imposed by the trial court as a result of a guilty plea. The origin of the court's opinions is Mann v. State, 742 N.E.2d 1025 (Ind. Ct. App. 2001), trans. denied. In that case Warlito G. Mann was charged with murder and entered a plea agreement calling for voluntary manslaughter. The agreement provided that the trial court could impose a sentence of not less than thirty years but no more than fifty years. After a hearing the trial court imposed fifty years. Mann appealed challenging his sentence. In a divided opinion the Court of Appeals remanded the cause with instructions to the trial court to impose a forty-five year sentence. In a footnote the court observed, "[b]ecause we remand for correction of Mann's sentence, we do not address his implicit premise that a sentence to which a defendant has agreed in a plea bargain can be 'manifestly unreasonable.' Mann entered into a plea agreement that provided the trial court could impose a sentence between thirty and fifty years. Mann's sentence of fifty years, although at the upper end of his agreement, was still within the agreement." Id. at 1026 n.1.[1]

---

[1] At the time of Mann's appeal, Indiana Appellate Rule 17(B) provided, "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender."

Mann was next cited with approval in Gist v. State, 804 N.E.2d 1204 (Ind. Ct. App. 2004), trans. not sought. In that case Christopher Gist was charged with robbery as a Class B felony and conspiracy to commit robbery as a Class B felony. He entered a plea agreement for the conspiracy charge. Under the terms of the agreement the State agreed to limit its sentencing recommendation to the presumptive term of ten years. The trial court sentenced Gist to ten years and he appealed. Addressing Gist's argument that the ten-year sentence was inappropriate within the meaning of Indiana Appellate Rule 7(B) the Court of Appeals declared:

> By entering into this agreement with the State, Gist necessarily agreed that a ten-year sentence was appropriate. If Gist thought that a ten-year sentence was inappropriate, then presumably he would have not entered into the plea agreement in the first place and would have taken his chances at trial without the benefit of a plea agreement. Where, as here, a defendant is sentenced in accordance with a plea agreement—an agreement he voluntarily entered into, we cannot say that the sentence is inappropriate. This holding is consistent with Mann v. State, where we said that a sentence that fell within the sentencing range provided for in the plea agreement was not manifestly unreasonable even though the defendant was sentenced at the upper end of that range.

Gist, 804 N.E.2d at 1206-07.[2]

---

[2] Gist and Mann have provided the underlying basis for several Court of Appeals opinions addressing this issue. See, e.g., Bennett v. State, 813 N.E.2d 335, 338 (Ind. Ct. App. 2004), trans. not sought ("[W]hen a defendant is sentenced in accordance with a plea agreement, he has implicitly agreed that his sentence is appropriate."); Wilkie v. State, 813 N.E.2d 794, 804 (Ind. Ct. App. 2004), trans. denied (taking issue with the "broad language" of Gist, but agreeing with the result); Mast v. State, 824 N.E.2d 429, 431 (Ind. Ct. App. 2005), trans. not sought (agreeing with the logic of Gist and Mann where a plea agreement explicitly permits the trial court to sentence within a sentencing cap, but not where the plea agreement is "open"); Young v. State, 826 N.E.2d 665, 670 (Ind. Ct. App. 2005) (citing Gist and Wilkie and acknowledging the "difference of opinion on this court as to whether a defendant who enters into a plea agreement with a sentencing cap may later challenge the appropriateness of a sentence that does not exceed the cap"), vacated on other grounds by Young v. State, 834 N.E.2d 1015, 1016 n.1 (Ind. 2005) (declining to address the inappropriateness claim because the issue was presently before this Court in two pending cases); Eaton v. State, 825 N.E.2d 1287, 1290 n.3 (Ind. Ct. App. 2005), trans. not sought (the author of Gist clarifying that the case "does not stand for the proposition that *anytime* a defendant voluntarily enters into a plea agreement, that defendant is thereafter barred from challenging his sentence as inappropriate"); Reyes v. State, 828 N.E.2d 420, 426 (Ind. Ct. App. 2005), trans. granted ("[W]hen a defendant's plea provides for a specific sentencing range, implicit in the defendant's agreement is his concession that a sentence within that range is appropriate."); Gornick v. State, 832 N.E.2d 1031, 1035 (Ind. Ct. App. 2005), trans. denied (citing Gist and Mann with approval but clarifying "we emphasize that waiver of the inappropriate sentencing standard does not apply when a plea agreement is 'open' and only provides for

**Analysis**

We begin our discussion with <u>Tumulty v. State</u>, 666 N.E.2d 394 (Ind. 1996). In that case the defendant was charged with attempted criminal deviate conduct, two counts of battery, and of being an habitual offender. Without the benefit of an agreement, and in the middle of trial, the defendant pleaded guilty as charged leaving "sentencing up to the court." <u>Id.</u> at 395. The court sentenced the defendant to a twenty-year term for his attempted criminal deviate conduct conviction. This sentence was enhanced by twenty years by virtue of the habitual offender finding. For the two battery counts the defendant received concurrent four-year sentences on each count, to be served consecutively to the criminal deviate conduct sentence. The effective sentence was thus forty-four years.

On appeal the defendant challenged the trial court's acceptance of his plea to the habitual offender finding. The Court of Appeals held that a defendant should be permitted to appeal a guilty plea whenever the record of the plea is adequate to resolve the issues being appealed. This Court granted transfer and reiterated the principle that "a conviction based upon a guilty plea may not be challenged by motion to correct errors and direct appeal." <u>Id.</u> at 395 (quoting <u>Weyls v. State</u>, 266 Ind. 301, 362 N.E.2d 481, 482 (1977)). The Court noted that one consequence of pleading guilty is the restriction of the ability to challenge the conviction on direct appeal. The Court then proceeded to address, but ultimately reject, the defendant's claim that his sentence was manifestly unreasonable under Appellate Rule 17(B) and that the trial court failed to articulate reasons sufficient to enhance by twenty years his sentence for attempted criminal deviate conduct. In doing so the Court held, "By contrast to the prohibition on appealing the trial court's acceptance of a plea, a defendant is entitled to contest the merits of a trial court's sentencing discretion where the court has exercised sentencing discretion, as it did here." <u>Tumulty</u>, 666 N.E.2d at 396.

---

the statutory range applicable to the defendant's offense"); <u>Nguyen v. State</u>, 837 N.E.2d 153, 158 (Ind. Ct. App. 2005), <u>trans. not sought</u> ("Because he entered into a plea agreement that was not open . . . Nguyen has waived Rule 7(B) review of both his 'imposed' sentence and his 'executed' sentence.").

Where, as in Tumulty, a defendant pleads guilty to what has been characterized as an "open plea"[3] the freedom and latitude of the trial court to impose a particular sentence is readily apparent. See, e.g., Gutermuth v. State, 817 N.E.2d 233, 234 (Ind. 2004) (an open plea in which the trial court imposed consecutive sentences after weighing aggravating and mitigating factors). Under such circumstances the trial court's discretion is limited only by the Constitution and relevant statutes. Ind. Code § 35-38-1-7.1(d); Harrison v. State, 699 N.E.2d 645, 650 (Ind. 1998) ("Within the applicable statutory and constitutional parameters, sentencing decisions rest within the sound discretion of the trial court . . . ."). Although perhaps less apparent, even where a plea agreement sets forth a sentencing cap or a sentencing range, the court must still exercise some discretion in determining the sentence it will impose. That is, the trial court must nonetheless decide whether, in the case of a sentencing cap, to impose the maximum sentence allowed by the cap or to impose a lesser sentence. Likewise, in the case of a sentencing range the trial court must decide whether to impose a sentence on the high or low end of the range. In either event the trial court is exercising discretion in imposing a sentence. See, e.g., Pannarale v. State, 638 N.E.2d 1247, 1248 (Ind. 1994) (noting that because the plea agreement provided for a sentence "up to ten years" the trial court "retained a considerable amount of discretion in determining the specific number of years to be imposed").[4] As a consequence, on appeal the defendant "is entitled to contest the merits of a trial court's sentencing discretion." Tumulty, 666 N.E.2d at 396. But what of the argument that by entering into such agreements the defendant is barred on appeal from challenging the appropriateness of his sentence? See Gist and Mann. Or, as the State has alleged in the cases before us, have the defendants "acquiesced" to their sentences such that they cannot now complain? Br. of Appellee at 3 (Childress v. State); Br. of Appellee at 5 (Carroll v. State). For reasons we now explore we do not embrace this position.

---

[3] See Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004) ("A plea agreement where the issue of sentencing is left to the trial court's discretion is often referred to as an 'open plea.'").

[4] This is to be distinguished from those cases in which a plea agreement calls for a specific term of years. In such instances, if the trial court accepts the parties' agreement, it has no discretion to impose anything other than the precise sentence upon which they agreed. See Badger v. State, 637 N.E.2d 800, 802 (Ind. 1994) ("[I]f the court accepts the agreement, it becomes bound by the terms of the agreement."); Blackburn v. State, 493 N.E.2d 437, 439 (Ind. 1986) ("Although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement.").

7

The Indiana Constitution provides, "[t]he Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed." Ind. Const. art. VII, § 4. Likewise, the Constitution authorizes the Court of Appeals to review sentences to the extent provided by Supreme Court rules. Ind. Const. art. VII, § 6. The origin and scope of the power to review and revise sentences contained in Section 4 is based on "the efficacious use to which that power has been put by the Court of Criminal Appeals [sic] in England." Report of the Judicial Study Commission 140 (1967). The English statute establishing the Court of Criminal Appeals set forth that court's power to review and revise sentences as follows:

> On appeal against sentence the Court of Criminal Appeal shall, if they think that a different sentence should have been passed, quash the sentence passed at the trial, and pass such other sentence warranted in law by the verdict (whether more or less severe) in substitution therefore as they think ought to have been passed, and in any other case shall dismiss the appeal.

Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003) (quoting Criminal Appeal Act, 1907, 7 Edw. 7, c. 23, § 4(3)).

Despite this rather expansive expression of the scope of the power to review and revise sentences under Section 4, this Court has pursued a considerably more modest path. Before January 1, 2003, an appellate court needed to find that a trial court's sentence was "manifestly unreasonable" before it could revise the sentence. "This barrier was so high that it ran the risk of impinging on another constitutional right contained in Article 7, that the Supreme Court's rules shall 'provide in all cases an absolute right to one appeal.'" Serino, 798 N.E.2d at 856 (quoting Ind. Const. art. VII, § 6). As a result, effective January 1, 2003, the rule was amended to authorize an appellate court to revise a sentence if it finds "after due consideration of the trial court's decision" that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). This formulation placed the central focus upon the role of the trial judge, while at the same time reserving for the appellate courts the chance to review sentencing decisions in a climate more distant from local clamor. Serino, 798 N.E.2d at 856-57. In addition, this change in language represented a shift from "a prohibition on revising

8

sentences unless certain narrow conditions were met to an authorization to revise sentences when certain broad conditions are satisfied." Neale v. State, 826 N.E.2d 635, 639 (Ind. 2005).

Under either formulation—again, rather modest in light of the broad permissive authority afforded by the language of Section 4—the Rule merely serves as the vehicle through which we implement this constitutional grant of authority. Indeed even where the trial court has been meticulous in following the proper procedure in imposing a sentence, "we still may exercise our authority under Appellate Rule 7(B) to revise a sentence that *we conclude* is inappropriate in light of the nature of the offense and the character of the offender." Hope v. State, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005) (emphasis added). See also Buchanan v. State, 767 N.E.2d 967, 972 (Ind. 2002) ("Although a trial court may have acted within its lawful discretion in determining a sentence, Article 7, § 4 of the Indiana Constitution authorizes *independent appellate review* and revision of a sentence imposed by the trial court.") (emphasis added). In essence rather than a procedural barrier over which a defendant must climb in order to be heard, the Rule articulates a standard of review designed as guidance for appellate courts.

Of course a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review. But to say that a defendant has acquiesced in his or her sentence or has implicitly agreed that the sentence is appropriate undermines in our view the scope of authority set forth in Article VII, Section 4 of the Indiana Constitution. We thus disapprove of language in Gist, Mann, and their progeny providing otherwise. See n.2.

We now turn to the cases before us. Although the Court of Appeals declared that because Childress voluntarily entered into his plea agreement he could not complain that his sentence was inappropriate, the court nonetheless addressed the merits of Childress' claim and concluded that his sentence was appropriate in light of the nature of the offense and the character of the offender. Except as otherwise provided, we now summarily affirm the Court of Appeals' decision.

As for Carroll, the trial court imposed the presumptive sentence on the three offenses to which he pleaded guilty. In doing so the trial court gave no reason for the sentence imposed,

mentioning neither aggravating nor mitigating factors.[5] On review Carroll challenged his sentence as inappropriate under Rule 7(B). However the two pages devoted to this argument focus not upon the "nature of the offense and the character of the offender" but rather upon alleged trial court error in failing to consider purported mitigating factors. See Br. of Appellant at 4-5. Because the trial court imposed the statutory presumptive sentence, it was not required to list aggravating or mitigating factors. A trial court must set forth its reasoning only when deviating from the statutory presumptive sentence. Jones v. State, 698 N.E.2d 289, 290 (Ind. 1998) (Because the trial court imposed the presumptive term for murder it "was not required to state a basis for imposing that sentence."); see also Lander v. State, 762 N.E.2d 1208, 1215 (Ind. 2002) ("When the trial court imposes a sentence other than the presumptive sentence, or imposes consecutive sentences where not required to do so by statute,[6] this Court will examine the record to insure that the court explained its reasons for selecting the sentence it imposed."). In any event we address Carroll's inappropriateness claim. Regarding the nature of the offense, the presumptive sentence (or now the advisory sentence) is the starting point the Legislature has selected as an appropriate sentence for the crime committed. Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004); Lander, 762 N.E.2d at 1214-15. Here the presumptive sentence was precisely the sentence the trial court imposed. As to the character of the offender, Carroll has a criminal history that includes a felony theft conviction and four misdemeanor convictions, two of which were drug related. Appellant's App. at 91. Also, Carroll was on bond for resisting law enforcement at the time he committed the additional offenses to which he ultimately pleaded guilty. We are not persuaded that the nature of the offense or character of the offender justifies reducing further Carroll's presumptive eleven and one half year sentence.

---

[5] Subsequent to the date Carroll was sentenced the Legislature amended Indiana's sentencing statutes to provide for "advisory sentences" rather than "presumptive sentences." See Pub. L. No. 71-2005, § 5 (codified at I.C. § 35-50-2-1.3 (2005)). In addition, the amendments permit a trial court to impose any sentence that is authorized by statute and permissible under the Indiana Constitution "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Pub. L. No. 71-2005, § 3 (codified at I.C. § 35-38-1-7.1(d) (2005)).

[6] Here, the trial court also ordered that the sentence imposed for resisting law enforcement as a Class D felony run consecutively to the sentences imposed on the other two offenses. The trial court was required to do so because Carroll was on bond for other offenses at the time. See I.C. § 35-50-1-2(d).

## Conclusion

In both cases before us we affirm the judgment of the trial court.

Shepard, C.J., and Sullivan and Boehm, JJ., concur.
Dickson, J., concurs with separate opinion.

**Dickson, Justice, concurring.**

I agree with the Court's decision today, rejecting the claim that a defendant, by entering into a plea agreement providing that the length of sentence is limited to a maximum cap or sentencing range, has waived or automatically acquiesced in the reasonableness of a sentencing that complies with the plea agreement. Such a plea agreement is not an absolute barrier to this Court's exercise of its authority granted by Article 7, Section 4 of the Indiana Constitution to "review and revise the sentence imposed," nor does it necessarily preclude a claim for appellate sentence review under Indiana Appellate Rule 7(B).

I write separately, however, to emphasize my view that our decision today does not hold that a defendant's acceptance of a plea agreement is wholly without significance or that it must be altogether disregarded. A defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness. In my view, today's opinion permits courts considering future claims for appellate sentence review following such plea agreements to grant relief only in the most rare, exceptional cases.