*222 NAJAM, Judge, concurring in result.
[19] I concur in the result. I agree that Connor’s sentence should be affirmed, but I cannot join in the majority’s interpretation of Indiana Appellate Rule 7(B). The majority states that we can review and revise a sentence on appeal when the appellant argues that his sentence is inappropriate under either the nature of the offense or his character. See op. at 218-20. That interpretation is contrary to how Indiana’s appellate courts have consistently understood and applied Rule 7(B). And, for this court to address both parts of Rule 7(B) in the absence of an appellant’s own cogent argument, this court will have to become an advocate for the appellant, which is not our role. See, e.g., Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind.Ct.App.2003); see also Ford v. State, 718 N.E.2d 1104, 1107 n. 1 (Ind.1999) (concluding that the appellant forfeited appellate review of his Rule 7(B) issue for failing to state a cogent argument).
[20] Appellate Rule 7(B) states: “The Court may revise a sentence ... if, after due consideration of the trial court’s decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.” That language is clear: Rule 7(B) plainly requires, as this court has long acknowledged, “the appellant to demonstrate that his sentence is inappropriate in light of both the nature of the offenses and his character.” Williams v. State, 891 N.E.2d 621, 633 (Ind.Ct.App.2008) (citing Ind. Appellate Rule 7(B)) (emphasis original to Williams); see also Anderson v. State, 989 N.E.2d 823, 827 (Ind.Ct.App.2013) (“An appellant bears the burden [under Rule 7(B) ] of showing both prongs of the inquiry favor revision of her sentence.”) (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind.2006)), trans. denied.
[21] The majority asserts that Childress does not support that reading of Rule 7(B). Op. at 218. To the contrary, Childress anticipated and rejected the majority’s analysis. In Childress, our supreme court reviewed the context and history of Indiana Appellate Rule 7(B). The court explained that, under the prior version of the Rule, “an appellate court needed to find that a trial court’s sentence was ‘manifestly unreasonable’ before it could revise the sentence.” Childress, 848 N.E.2d at 1079.[6] The court then stated that the current version of the Rule was drafted to permit independent appellate review of sentences “when certain broad conditions are satisfied.” Id. (emphasis added). In particular, the court stated:
In essence[,] rather than a procedural barrier over which a defendant must climb in order to be heard, the Rule articulates a standard of review designed as guidance for appellate courts.
Of course[,] a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review....
Id. at 1080. In other words, the Childress court expressly declared that Rule 7(B) establishes the necessary “conditions”— plural — that an appellant “must persuade the appellate court” have been “satisfied” to meet “this inappropriateness standard of review.”[7] Id. And those conditions, *223 plainly stated in the Rule, are both the nature of the offense and the character of the offender. App. R. 7(B).
[22] Nonetheless, the majority declares that Rule 7(B) requires only that “we ... must consider both prongs in our assessment” and that it does not require “that the defendant must necessarily prove both of those prongs.... ” Op. at 219. The majority’s declaration is consistent with only half of Childress. That is, the majority recognizes that Rule 7(B) “articulates a standard of review designed as guidance for appellate courts.” Childress, 848 N.E.2d at 1080. But the majority disregards our supreme court’s further admonition that it is incumbent on the appellant to “persuade the appellate court” that his sentence is inappropriate in light of the two “conditions” articulated in the Rule. Id.
[23] Further, the cases relied on by the majority do not declare that the “and” in Rule 7(B) really means “or.” In only one instance has the Indiana Supreme Court revised an appellant’s sentence even though the appellant made no argument on appeal with respect to his character. Hamilton v. State, 955 N.E.2d 723, 726-27 (Ind.2011). But the supreme court’s opinion in Hamilton did not analyze Rule 7(B) or disapprove of any case law, such as Childress, Ford, or Williams, and this court has continued to rely on those cases well after Hamilton. E.g., Simmons v. State, 999 N.E.2d 1005, 1013 (Ind.Ct.App.2013) (following Williams and holding that the appellant’s failure to argue both prongs of Rule 7(B) resulted in waiver), trans. denied.
[24] Indeed, no subsequent Indiana appellate court decision has relied on Hamilton for the proposition that it overrules prior case law or otherwise modifies well-settled Rule 7(B) jurisprudence. Neither did the Hamilton court state that'it meant to rewrite Indiana Appellate Rule 7(B). Given the frequency with which the bench and the bar encounter Rule 7(B), had our supreme court intended its holding in Hamilton to break new ground it would have explained as much. Absent such a declaration or a revised analytical framework, we cannot assume that the Hamilton court intended to rewrite Rule 7(B) by adjudication. And it is not our prerogative, as an intermediate appellate court, to rewrite the Rule.
[25] This is not a semantic or grammatical quibble. This is significant. If a court on appeal need only “consider” one or the other conditions of Rule 7(B), it dilutes our .standard of review. Appellate revision of a sentence under Rule 7(B) is intended to be an exception reserved for those rare cases in which the defendant can satisfy both conditions. See, e.g., Satterfield v. State, 33 N.E.3d 344, 355 (Ind.2015). Indeed, the purpose of our review is to “leaven the outliers.” Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind.2008). If the defendant were allowed to address only one of those two conditions, his burden. would be reduced by half, and, in effect, we would review and revise sentences that are not outliers.
[26] Here, Connor presents no argument on appeal that his sentence should be revised in light of the nature of his offense. Rather, he argues that his sentence is inappropriate only in light of his character. Connor has entirely failed to address' a condition of Rule 7(B) — the nature of the offense — required for this court to review and revise his sentence, and it is not our *224 place to make that argument on Connor’s behalf or to disregard his failure to make that argument for himself. As such, I conclude that Connor has not met his burden to demonstrate that his sentence satisfies the inappropriateness standard of review, and Connor has forfeited our review of that issue.
[27] Accordingly, I concur only in the result and cannot agree that an appellant no longer carries the burden of persuasion under Indiana Appellate Rule 7(B) to demonstrate that his sentence is inappropriate in accordance with the plain meaning of that Rule. Rather, I would follow Childress, Ford, Anderson, Simmons, Williams, and the substantial number of similar cases that hold that it is an appellant’s burden to demonstrate that his sentence has met the inappropriateness standard of review as defined in the Rule.[8] As Connor did not argue that his sentence is inappropriate in light of both the nature of his offense and his character, I would hold that he forfeited our review of his sentence under Indiana Appellate Rule 7(B).

. Like the current version of Rule 7(B), the prior version of the Rule included the phrase "the nature of the offense and the character of the offender.” Ind. Appellate Rule 7(B) (2002) (emphasis added).

. In Childress, our supreme court used “conditions” as a synonym for "elements,” each of which must be satisfied before this court can exercise its authority under the Rule. See Webster’s 3d New Int’l Dictionary 473 (2002) (a "condition” is a "prerequisite” or "circumstance that is essential to the ... occurrence *223 of something else”). Contrary to what the majority’s analysis implies, a "condition” is not a "factor.”

. Other published opinions that acknowledge this proposition include the following: Swallow v. State, 19 N.E.3d 396, 402 n. 2 (Ind.Ct.App.2014), trans. denied; Gil v. State, 988 N.E.2d 1231, 1237-38 (Ind.Ct.App.2013); Mateo v. State, 981 N.E.2d 59, 74 (Ind.Ct.App.2012), trans. denied; and Paul v. State, 971 N.E.2d 172, 177 (Ind.Ct.App.2012). However, the substantial body of cases in which this issue arises are disposed of by this court as memorandum decisions using a waiver-waiver notwithstanding analysis.