# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 12 2016, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## I N T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth E. Sorrell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 12, 2016<br><br>Court of Appeals Case No.<br>02A03-1511-CR-2007<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D06-1408-F5-27 |

**Crone, Judge.**

## Statement of the Case

Kenneth E. Sorrell appeals the sentence imposed by the trial court following his guilty plea and convictions for level 5 felony dealing in methamphetamine, level 6 felony possession of methamphetamine, and class D misdemeanor operation of a vehicle by an unlicensed driver.[1] The trial court sentenced Sorrell to an aggregate sentence of five years, with three years executed and two years suspended to probation. On appeal, Sorrell contends that the trial court abused its discretion during sentencing and that his sentence is inappropriate. Finding no abuse of discretion and concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

## Facts and Procedural History

On August 8, 2014, Sorrell was involved in a traffic stop[2] during which Fort Wayne Police Officer Robert Kirby discovered Sorrell in possession of methamphetamine. During the ensuing investigation, Sorrell informed police that someone may have been manufacturing methamphetamine in the garage of his Fort Wayne home. Ashley Gardner, a witness during Sorrell's arrest, informed police that she had observed Sorrell making methamphetamine in his garage earlier that same day and that the chemicals and vessels used to make

---

[1] Sorrell pled guilty and was also convicted of level 6 felony possession of chemical reagents or precursors with intent to manufacture a controlled substance. However, during sentencing, the trial court merged that conviction into his level 5 felony dealing in methamphetamine conviction.

[2] There are no facts in the record regarding the reason for the traffic stop. However, Sorrell does not contend that the traffic stop or subsequent searches were illegal.

methamphetamine were still in Sorrell's garage. On August 9, 2014, Officer Kirby searched the garage and found various objects used in the manufacturing of methamphetamine, including ammonia solution, hydrochloric acid, sulfuric acid, and lithium metal.

[3] The State charged Sorrell with Count I, level 5 felony dealing in methamphetamine; Count II, level 6 felony possession of chemical regents or precursors with intent to manufacture a controlled substance; Count III, level 6 felony possession of methamphetamine; and Count IV, class C misdemeanor operation of a vehicle by an unlicensed driver. Sorrell subsequently pled guilty to all counts. The trial court took the guilty plea under advisement and placed Sorrell in a Drug Court diversion program. Thereafter, on March 24, 2015, Sorrell tested positive for amphetamine use, and on April 13, 2015, the trial court found that Sorrell was in violation of the Drug Court placement and sanctioned him with two days of jail time. On May 11, 2015, Sorrell tested positive for cocaine and methamphetamine use and the trial court sanctioned him with transitional living and relapse prevention. On September 21, 2015, the trial court revoked Sorrell's participation in the diversion program because he had violated the terms of the program by failing to complete the transitional living requirement and failing to report for Drug Court.

[4] Based on Sorrell's guilty plea, on October 27, 2015, the trial court entered judgment of conviction on all four charged counts. Following a sentencing hearing on that same day, the trial court sentenced Sorrell to five years for Count I, with three years executed and two years suspended to probation. The

court merged Count II with Count I. The court sentenced Sorrell to two years executed for Count III, and sixty days executed for Count IV. The court ordered all counts to run concurrently. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion during sentencing.

[5] Sorrell first contends that the trial court abused its discretion during sentencing. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citation omitted). A sentencing court may abuse its discretion by failing to enter a sentencing statement at all, by entering a sentencing statement that explains reasons for imposing a sentence, including a finding of aggravating and mitigating factors if any, when the record does not support the reasons, or by entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration, or that gives reasons that are improper as a matter of law. *Id.* at 490-91.

[6] During sentencing, the trial court found Sorrell's guilty plea and his expressed remorse as mitigating factors.[3] Sorrell argues that the court abused its discretion, however, in failing "to identify the weight" that it assigned to those factors. Appellant's Br. at 5. Sorrell cites no authority for the proposition that the trial court was required to do so,[4] and in any event, it is well-settled that even had the trial court identified the weight assigned to the factors, the relative weight assignable to reasons for the imposed sentence "is not subject to review for abuse." *Cardwell v. State*, 895 N.E.2d 1219, 1223 (Ind. 2008). As our supreme court stated in *Anglemyer*, "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-*Blakely* statutory regime, a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer*, 868 N.E.2d at 491 (citations omitted). The trial court did not abuse its discretion during sentencing.

---

[3] In addition to those mitigating factors, the trial court found that Sorrell's extensive, multistate criminal history of twelve prior misdemeanor convictions and three prior felony convictions, and his multiple failed past efforts at rehabilitation covering a period of time from 1999 through 2015 were aggravating factors justifying a five-year sentence. That is a "reasonably detailed sentencing statement that explained the trial court's reasons for imposing the sentence," and the record supported those reasons. *Kimbrough v. State*, 979 N.E.2d 625, 629 (Ind. 2012) (citing *Anglemyer*, 868 N.E.2d at 490).

[4] Indeed, contrary to Sorrell's proposition, but pre-*Anglemyer*, our supreme court held that a trial court is not required to articulate or assign specific weight to each aggravator and mitigator. *Hollen v. State*, 761 N.E.2d 398, 402 (Ind. 2002).

## Section 2 – Sorrell has not met his burden to demonstrate that his sentence is inappropriate.

[7]     Sorrell next claims that his sentence is inappropriate and invites this Court to revise his sentence pursuant to Indiana Appellate Rule 7(B) which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[8]     We address first the State's assertion that Sorrell has waived Rule 7(B) review of his sentence because he "makes no argument regarding the nature of his offenses." Appellee's Br. at 12. Essentially, the State argues that Sorrell has the

burden of proving that both prongs of the Rule 7(B) inquiry favor revision of his sentence, and therefore his failure to advance arguments as to both prongs has resulted in waiver. We disagree.

[9] Although Rule 7(B) states that we may revise a sentence that we find inappropriate "in light of the nature of the offense *and* the character of the offender," this Court views that "as a statement that we as the reviewing court must *consider* both of those prongs in our assessment, and not as a requirement that the defendant must necessarily *prove* each of those render his sentence inappropriate." *Connor v. State*, No. 03A05-1511-CR-1893, slip op. at 8 (Ind. Ct. App. Aug. 2, 2016) (footnote omitted). Thus, we do not believe that Sorrell has waived Rule 7(B) review of his sentence by arguing that sentence revision is warranted based solely upon his character and failing to make an argument regarding the nature of his offenses. Instead, he is more or less conceding that if we were reviewing the nature of his offenses alone, his sentence would be warranted; however, he urges us to give more weight to the nature of his character than the nature of his crimes, which is "an acceptable request for exercise of our review and revise power." *See id*. at 9. Accordingly, we proceed to review his sentence pursuant to both prongs of Rule 7(B).

[10] Regarding the nature of Sorrell's offenses, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Sorrell pled guilty to and received concurrent sentences for multiple crimes, the most serious being a level 5 felony. The sentencing range for a level 5 felony is between one and six years,

with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). The trial court sentenced Sorrell to five years, with only three years executed and two years suspended to probation. Sorrell's aggregate sentence is within the statutory range, and the executed portion of his sentence is perfectly in line with the advisory. There is nothing about the nature of Sorrell's multiple drug-related offenses that convinces us that the sentence imposed by the trial court warrants revision.

[11] Regarding his character, Sorrell baldly argues that his sentence is inappropriate because he has various alcohol and drug use "disorders," and he also claims that "he cared for his critically-ill daughter." Appellant's Br. at 7. He cites no evidence in the record that he has been diagnosed with any of these alleged disorders, and we can find none. Nor is there any evidence in the record that he was the sole, or even primary, caretaker for his ill daughter. What the record does show is that Sorrell has a lengthy and substantial criminal history and has repeatedly failed to take advantage of opportunities to rehabilitate, all of which reflects quite poorly on his character. *See, e.g.*, *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (concluding that defendant's criminal history and "frequent contact" with criminal justice system reflected poorly on character). Sorrell has not persuaded us that his sentence is inappropriate based upon the nature of his character.

[12] In sum, the trial court did not abuse its discretion during sentencing, and Sorrell has not met his burden to demonstrate that his sentence is inappropriate pursuant to Rule 7(B). We therefore affirm his sentence.

Affirmed.

Robb, J., concurs.

Najam, J., concurs in part and concurs in result in part.

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth E. Sorrell

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
02A03-1511-CR-2007

**Najam, Judge, concurring in part and concurring in result in part.**

I concur in part and concur in result in part. Specifically, I agree in full with the majority's conclusion that the trial court did not abuse its discretion when it sentenced Sorrell. I also agree with the majority that Sorrell's sentence is not inappropriate and to affirm Sorrell's sentence, but I cannot join in the majority's interpretation of Indiana Appellate Rule 7(B).

Relying on our recent opinion in *Connor v. State*, ___ N.E.3d ___, No. 03A05-1511-CR-1893 (Ind. Ct. App. Aug. 2, 2016), the majority concludes that we can review and revise a sentence on appeal when the appellant argues that his sentence is inappropriate under *either* the nature of the offense *or* his character.

*See* Slip op. at 6-7.  For the same reason I did not join in the majority's analysis in *Connor*, I cannot join in the majority's analysis here.  *See Connor*, ___ N.E.3d at ___, slip op. at 14-19 (Najam, J., concurring in result).  As in *Connor*, here the majority's interpretation is contrary to how Indiana's appellate courts have consistently understood and applied Rule 7(B).  And, for this court to address both parts of Rule 7(B) in the absence of an appellant's own cogent argument, this court will have to become an advocate for the appellant, which is not our role.  *See, e.g.*, *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003); *see also Ford v. State*, 718 N.E.2d 1104, 1107 n.1 (Ind. 1999) (concluding that the appellant forfeited appellate review of his Rule 7(B) issue for failing to state a cogent argument).

[16]     Appellate Rule 7(B) states:  "The Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  That language is clear:  Rule 7(B) plainly requires, as this court has long acknowledged, "the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of the offenses and his character."  *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)) (emphasis original to *Williams*); *see also Simmons v. State*, 999 N.E.2d 1005, 1013 (Ind. Ct. App. 2013) (following *Williams* and holding that the appellant's failure to argue both prongs of Rule 7(B) resulted in waiver), *trans. denied*; *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013) ("An appellant bears the burden [under Rule 7(B)] of showing both prongs of the

inquiry favor revision of her sentence.") (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied*. And I conclude that *Williams*, *Simmons*, and *Anderson* are supported by the reasoning of the Indiana Supreme Court in *Childress*. *See Childress*, 848 N.E.2d at 1079-80; *Connor*, slip op. at 15-17 (Najam, J., concurring in result).

[17] This is not a semantic or grammatical quibble. This is significant. If a court on appeal need only "consider" one or the other conditions of Rule 7(B), it dilutes our standard of review. Appellate revision of a sentence under Rule 7(B) is intended to be an exception reserved for those rare cases in which the defendant can satisfy both conditions of Rule 7(B). *See, e.g.*, *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). Indeed, the purpose of our review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). If the defendant were allowed to address only one of those two conditions, his burden would be reduced by half, and, in effect, we would review and revise sentences that are not outliers.

[18] Here, Sorrell presents no argument on appeal that his sentence should be revised in light of the nature of his offenses. Rather, he argues that his sentence is inappropriate only in light of his character. Sorrell has entirely failed to address a condition of Rule 7(B)—the nature of the offenses—required for this court to review and revise his sentence. *See Childress*, 848 N.E.2d at 1079-80. And it is not our place to make that argument on Sorrell's behalf or to disregard his failure to make that argument for himself. *See Ford*, 718 N.E.2d at 1107 n.1; *Thacker*, 797 N.E.2d 345. As such, I conclude that Sorrell has not met his

burden to demonstrate that his sentence satisfies the inappropriateness standard of review, and Sorrell has forfeited our review of that issue.

[19] Accordingly, I concur only in the result on this issue and cannot agree that an appellant no longer carries the burden of persuasion under Indiana Appellate Rule 7(B) to demonstrate that his sentence is inappropriate in accordance with the plain meaning of that Rule. Rather, I would follow *Childress*, *Ford*, *Anderson*, *Simmons*, *Williams*, and the substantial number of similar cases that hold that it is an appellant's burden to demonstrate that his sentence has met the inappropriateness standard of review as defined in the Rule.[5] As Sorrell did not argue that his sentence is inappropriate in light of *both* the nature of his offense *and* his character, I would hold that he forfeited our review of his sentence under Indiana Appellate Rule 7(B).

---

[5] Other published opinions that acknowledge this proposition include the following: *Swallow v. State*, 19 N.E.3d 396, 402 n.2 (Ind. Ct. App. 2014), *trans. denied*; *Gil v. State*, 988 N.E.2d 1231, 1237-38 (Ind. Ct. App. 2013); *Mateo v. State*, 981 N.E.2d 59, 74 (Ind. Ct. App. 2012), *trans. denied*; and *Paul v. State*, 971 N.E.2d 172, 177 (Ind. Ct. App. 2012). However, the substantial body of cases in which this issue arises are disposed of by this court as memorandum decisions using a waiver-waiver notwithstanding analysis.