## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2017, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darrell Howery,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | August 8, 2017<br><br>Court of Appeals Case No.<br>70A05-1703-CR-656<br><br>Appeal from the Rush Superior Court<br><br>The Honorable Brian D. Hill, Judge<br><br>Trial Court Cause No.<br>70D01-1609-F4-735 |

**Brown, Judge.**

Darrell Howery appeals his sentence of four and one-half years, with three years to be served in the Department of Correction and one and one-half years to be served on home detention, for possession of cocaine as a level 5 felony. Howery raises one issue which is whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

On June 24, 2015, Howery knowingly or intentionally possessed cocaine weighing less than five grams at his residence while in possession of two handguns in his bedroom, within 500 feet of South Veterans Memorial Park, when a person under eighteen years of age was reasonably expected to be present, or in the presence of children under eighteen years of age, knowing the children were present and might be able to see or hear the offense.[1]

On June 24, 2015, the State charged Howery with: Count I, dealing in cocaine while in possession of a firearm as a level 4 felony; Count II, dealing in cocaine in the presence of a child less than eighteen years of age as a level 4 felony; Count III, dealing in cocaine within 500 feet of a public park as a level 4 felony; Count IV, possession of cocaine as a level 5 felony; Count V, maintaining a

---

[1] Ind. Code § 35-48-4-6 provides in part that a person who knowingly or intentionally possesses cocaine (pure or adulterated) commits possession of cocaine, a level 6 felony, and that the offense is a level 5 felony if the amount of the drug involved is less than five grams and an enhancing circumstance applies. Ind. Code § 35-48-1-16.5 provides that an "enhancing circumstance" means in part that the person committed the offense while in possession of a firearm, within 500 feet of a public park while a person under eighteen years of age was reasonably expected to be present, or in the physical presence of a child less than eighteen years of age, knowing the child was present and might be able to see or hear the offense.

common nuisance as a level 6 felony; Count VI, neglect of a dependent as a level 6 felony; and Count VII, possession of marijuana as a class B misdemeanor.

[4] On February 28, 2017, the court held a change of plea and sentencing hearing at which Howery pled guilty pursuant to an open plea agreement to possession of cocaine as a level 5 felony under Count IV, and the State dismissed the other charges. At sentencing, Howery's father testified that at the trial of Howery's wife he saw photographs of handguns and long-arms found in Howery's residence, that to his knowledge the handguns belonged to Howery and his wife, and that the long-arms belonged to him and he had given them to Howery to clean for him. Howery's wife testified that she had been sentenced in August, the Department of Child Services ("DCS") immediately intervened when she and Howery were arrested, and their children were removed from the home and placed in foster care[2]. When asked what she went through to have her children returned, she responded that she went through substance abuse counseling, supervised visitation, daily and then weekly drug tests, that the children were back home with them within seven or eight months, and that she and Howery "both did this." Transcript at 12. She indicated that Howery received social security disability and that was the only income in the home.

---

[2] This court issued *Yvonne Hower v. State*, No. 70A01-1609-CR-2127 (Ind. Ct. App. Mar. 30, 2017), affirming the convictions of Howery's wife following a jury trial for possession of cocaine as a level 5 felony, maintaining a common nuisance as a level 6 felony, neglect of a dependent as level 6 felony, and dealing in marijuana as a class A misdemeanor.

When asked if there was financial help available from family members, she answered "I'm sure if he went and asked for it or if the kids needed something, I'm sure family would help, yes," "[t]hey kind of know. It's not the kids' fault. The kids shouldn't suffer for this. This is me and him," and "[s]o, when it comes to the kids, I believe family will be there a hundred percent." *Id.* at 14. Howery stated that he was really sorry and that he wished to move on to be able to provide for his children and mend what he did to them.

[5] In closing, the prosecutor asked that Howery be sentenced to five years with four years executed and one year suspended to probation. Howery's counsel argued "the parties reached an agreement where the crime that he's admitted to and the crime before the Court is basically this: Point zero-three grams of cocaine. I mean, you look at a sugar packet contains two to four grams," "[p]oint zero-three grams was the weight of cocaine that was found on their dresser up in their room," and "yes, there were handguns up there and long-arms and that is the reason that this is elevated from a level '6' felony possession up to that point." *Id.* at 17. Defense counsel requested that Howery be sentenced to a two and one-half year probationary sentence. The court sentenced Howery to four and one-half years, with three years to be served in the Department of Correction ("DOC") and one and one-half years to be served on home detention through Rush County Community Corrections.

## *Discussion*

[6] The issue is whether Howery's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may

revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] With respect to the nature of his offense, Howery asserts that he pled guilty to possession of a tiny amount of cocaine found in his bedroom and that, while there was evidence that a controlled buy for less than a gram of cocaine had been conducted inside the home, the record is unclear as to who actually conducted the transaction.[3] As for his character, he argues that his last conviction was decades ago, his behavior after his arrest was exemplary and he immediately began cooperating with DCS, and he expressed sincere remorse for his actions.

---

[3] Howery cites to an officer incident report which states that police executed a search warrant at Howery's residence, Howery and his wife's three children were present, and the items seized from Howery and his wife's bedroom included a white powder/rock substance on the dresser which later field tested positive for cocaine, a large plastic bag containing marijuana, two .40-caliber handguns, several other firearms, $150 in Howery's pocket, and $39 in his wife's pocket. The report also states that the entire house was very cluttered and messy, there was dog and cat feces throughout, all three juvenile rooms were in unlivable conditions due to clutter and filth, it appeared the juveniles were sleeping on blankets on the floor and a couch in the living room area, the kitchen was filthy, the counters were cluttered with dirty and molding dishes, and the refrigerator was nearly empty. Another officer incident report states that an officer explained to Howery's wife that he had been conducting surveillance on the residence for quite some time and observed the high volume of foot and vehicular traffic. Another officer incident report states that a detective witnessed multiple juveniles enter and exit Howery's residence and that, during the execution of the search warrant, the $100 used to purchase the one gram of cocaine using a confidential informant in a controlled buy was located in Howery's right front pocket.

[8]     The State responds that Howery received a significant benefit by pleading guilty to a level 5 felony and that absent the plea agreement he faced a sentence of twelve years, he received in-home detention for a portion of his sentence, and the controlled buy money was found in his front pocket.  It also argues that Howery's criminal history includes two felonies and three misdemeanors, his incarceration will not be an undue hardship on his children and "[f]rankly, Howery's children were suffering a worse hardship prior to his incarceration," and he showed remorse only after the consequences of his actions were in full effect.  Appellee's Brief at 13.

[9]     Our review of the nature of the offense reveals that Howery knowingly or intentionally possessed cocaine weighing less than five grams at his residence while in possession of a firearm, within 500 feet of a public park when a person under eighteen years of age was reasonably expected to be present, or in the presence of children under eighteen years of age, knowing the children were present and might be able to see or hear the offense.

[10]    Our review of the character of the offender reveals that Howery pled guilty pursuant to an open plea agreement and the State dismissed the remaining counts against him.  According to the presentence investigation report ("PSI"), Howery was born in 1974 and was convicted of illegal consumption of an alcoholic beverage as a class C misdemeanor in 1994; theft as a class D felony, driving while suspended as a class A misdemeanor, and conversion as a class A misdemeanor in 1995; and criminal recklessness (armed with a deadly weapon) as a class D felony in 1996.  The PSI states that Howery has three children,

born in 1998, 2003, and 2006, all of whom resided with Howery and his wife. The PSI further states that Howery reported he first used and has continued to use alcohol since he was fifteen years old, used to drink six to twelve beers at a time and last drank in 2012, first used marijuana when he was fifteen years old and continued to use on a regular basis, used to smoke five joints a week and has not used since 2000, first used cocaine at age eighteen and used for about two years, stopped using and started using again in May 2015 and last used on June 24, 2015, and received counseling through home-based services from August 2015 to February 2016.

[11] After due consideration, we conclude that Howery has not sustained his burden of establishing that his sentence of four and one-half years, with three years to be served in the DOC and one and one-half years to be served on home detention, is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[12] For the foregoing reasons, we affirm Howery's sentence.

[13] Affirmed.

Najam, J., and Kirsch, J., concur.