## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2017, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyler J. Collins,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | June 7, 2017<br><br>Court of Appeals Case No.<br>79A05-1612-CR-2894<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Laura Zeman,<br>Judge<br><br>Trial Court Cause No.<br>79D04-1608-F6-800 |

**Brown, Judge.**

[1] Tyler J. Collins appeals his sentence for unlawful possession of a syringe as a level 6 felony. Collins raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On August 26, 2016, with intent to violate Ind. Code §§ 16-42-19 or §§ 35-48-4, Collins knowingly possessed or had under his control a syringe or needle or an instrument adapted for the use of heroin by injection.[1] Collins possessed the syringe with the intent to inject heroin and used the syringe to do so.

[3] On August 31, 2016, the State charged him with Count I, unlawful possession of a syringe as a level 6 felony, and the court set his bond at $2,500. The State subsequently moved to amend the charging information to add Count II, possession of paraphernalia with a prior conviction, a class A misdemeanor, and the court granted the motion. In October 2016, Collins filed a motion for reduction of bond, and the court entered an order reducing his bond to $1,000 with the requirement that he enroll in and successfully complete a substance abuse treatment program as recommended by Sycamore Springs. An entry in the chronological case summary ("CCS") dated October 31, 2016, states a cash bond was entered in the clerk's office, and entries in the CCS on November 2

---

[1] Ind. Code § 16-42-19-18 provides "[a] person may not possess with intent to: (1) violate this chapter [the Indiana Legend Drug Act]; or (2) commit an offense described in IC 35-48-4; a hypodermic syringe or needle or an instrument adapted for the use of a controlled substance or legend drug by injection in a human being" and that a violation constitutes a level 6 felony.

and 4, 2016, state that a report was filed by Sycamore Springs and that Collins showed proof of enrollment there.

[4]     On November 4, 2016, the court held a guilty plea hearing at which Collins pled guilty to Count I, unlawful possession of a syringe as a level 6 felony, and the State agreed to forgo prosecution on Count II. Collins agreed that he had possession of a syringe, the syringe was an item used for the injection of a controlled substance, he possessed the syringe with the intent to inject heroin, that was a violation of Ind. Code § 35-48-4, and he did in fact use the syringe to inject heroin.

[5]     On December 5, 2016, the court held a sentencing hearing. At the hearing, Collins's counsel indicated that Collins would like to withdraw his guilty plea, and Collins stated that he had just come across a woman who indicated the syringes belonged to her. The court recounted the questions it had asked Collins at the guilty plea hearing and noted that an ambulance had been called and that but for that ambulance Collins would be dead, and Collins stated that he understood. The court denied Collins's request to withdraw his plea. Collins indicated he had been diagnosed with bipolar disorder, manic depressive order, and general anxiety disorder, and he testified that when the doctor saw him regarding his social security disability "they determined that my spinal meningitis probably ate so much of brain that I am what they would classify as mildly retarded." Transcript Volume 2 at 20-21. Collins indicated that he went to Sycamore Springs as a condition of his bond and that he wanted to obtain the treatment on his own as well. When asked if he had been

compliant, Collins answered affirmatively and testified he received a shot of Vivitrol every twenty-eight to thirty-two days. When asked the next step in the program, he testified he attended five days a week, then there would be a step down to three days a week for so many weeks, then two days a week for so many weeks, and then one day a week and then hopefully after care.

[6] When asked "you owe Community Corrections money so you wouldn't be able to . . . pay them and . . . that's not really an option for you correct," Collins replied "No, I collect Social Security Disability and . . . my dad just recently told me that since I've been straightening my act up he's, they're re-letting me live with them" and "therefore he was going to let me pay on the rent and . . . if I need to pay payments or whatever . . . to Community Corrections if need be then I got the support finally." *Id.* at 23. He indicated he owed Community Corrections $1,119 and his disability benefit was $656 per month. When asked what was different this time, Collins answered that "before [he] never actually wanted rehab" and he "just had three close friends go to heaven this year." *Id.* at 28. The State requested a sentence of two and one-half years, all executed, and that if the court elected to permit Collins to continue with treatment, his sentence be stayed upon his successful completion of treatment and probation. Collins requested that the remainder of his sentence after time served be suspended to probation. The court stated it would release the cash bond and $950 of the bond would apply toward the Community Corrections fee.

[7] The court found Collins's criminal history, multiple petitions to revoke in past cases, and multiple failed attempts at rehabilitation and treatment to be

aggravating circumstances. It sentenced him to two and one-half years executed to be served in Tippecanoe County Community Corrections and ordered that he was entitled to credit for sixty-five actual days plus sixty-five days good time credit. The court also ordered that, "if [Collins] is not accepted into Community Corrections or violates Community Corrections rules and removed from Community Corrections, [he] shall serve the balance of the executed sentence in the Tippecanoe County Jail or the Indiana Department of Correction [("DOC")]." Appellant's Appendix Volume 2 at 36.[2]

## *Discussion*

[8] The issue is whether Collins's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the

---

[2] On appeal, Collins states: "As of the date of this Appellant's Brief, Collins was serving executed time in the Tippecanoe County Jail. *See* Tippecanoe County Jail, http://www.tippecanoe.in.gov/467/Current-Inmate-Listing (last visited March 4, 2017)." Appellant's Brief at 6 n.3. In its appellee's brief, the State responds: "Review of the website provided by Collins, as of the time the State files this brief, shows that his name is not currently listed as an inmate at the Tippecanoe County Jail. *See* http://www.tippecanoe.in.gov/467/Current-Inmate-Listing (viewed April 3, 2017)." Appellee's Brief at 5 n.3. Our review reveals that the information under Collins's name on Tippecanoe County's website sets forth a booking date of May 5, 2017, and states, under "Current Status," the phrase "No Hold," which means "[i]f all eligibility requirements are met, inmate may be released on bond." *See* http://www.tippecanoe.in.gov/467/Current-Inmate-Listing) (last visited May 24, 2017). The information also includes, under "Charge Details," entries for "work release violation (jail use only)," with a corresponding scheduled court date of June 6, 2017, under the cause number from which this appeal arises, and "possession of methamphetamine" and "possession of salvia or synthetic cannabinoid." *Id.* The page also includes a disclaimer stating "[a]ll information has been derived from public records that are constantly undergoing change and is not warranted for content or accuracy." *Id.*

burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] Collins asserts that his offense is no more or less egregious than the typical offense for which he was convicted, he victimized only himself through his conduct, and his maximum, fully-executed sentence is inappropriate. He argues he pled guilty without the benefit of a plea agreement, he took initiative during the time his case was pending to seek substance abuse treatment at Sycamore Springs, his forgery convictions occurred over ten years ago, the majority of his charges correlate with his addiction issues, his best opportunity to rehabilitate is with intensive substance abuse and mental health treatment rather than a maximum jail sentence, and he is a victim of mental illness and an ongoing battle with addition. He requests this court to revise his sentence to include time on probation during which meaningful mental health and substance abuse treatment may be obtained under the watchful eye of a probation officer.

[10] The State responds that Collins has a long criminal history consisting of felony and misdemeanor convictions and adjudications as well as probation violations and revocations and, despite these contacts with the criminal justice system and prior leniency, he has continued to commit criminal offenses. The State also asserts that Collins has not accepted responsibility for his actions and that he makes no argument there is a nexus between his mental health issues and the instant offense.

[11]     Our review of the nature of the offense reveals that Collins, with intent to violate Ind. Code §§ 16-42-19 or §§ 35-48-4, knowingly possessed or had under his control a syringe for the use of heroin by injection. At the guilty plea hearing, Collins admitted that he used the syringe to inject heroin.

[12]     Our review of the character of the offender reveals that Collins pled guilty without the benefit of a plea agreement and the State agreed to forgo prosecution of the charge for possession of paraphernalia with a prior conviction. According to the presentence investigation report ("PSI"), Collins was born on May 12, 1988, and has juvenile adjudications for truancy in 2001, battery resulting in bodily injury and residential entry in 2002, and theft and auto theft in 2003. Also as a juvenile, a petition for modification of disposition was filed due to Collins intimidating and threatening his teacher in May 2003, and the court granted the petition; a petition for modification of disposition was filed due to his taking his parents' van without permission and providing a false name to police in September 2003, and he was ordered to complete home-based services; and a petition for modification of disposition was filed due to his pushing his mother into a wall, and the court granted the petition. As an adult, Collins was convicted of failure to stop after an accident resulting in non-vehicular damage as a class B misdemeanor in 2006; two counts of forgery as class C felonies, theft as a class D felony, and possession of marijuana as a class A misdemeanor in 2007; obtaining a controlled substance by fraud or deceit (conspiracy to commit) as a class D felony in February 2008; battery resulting in bodily injury as a class A misdemeanor in September 2008; possession of a

narcotic drug (attempt to commit) and battery resulting in bodily injury (prior with same victim) as class D felonies, resisting law enforcement as a class A misdemeanor, and battery as a class B misdemeanor in 2012; driving while suspended (prior within ten years) as a class A misdemeanor in 2015; and possession of paraphernalia and knowingly or intentionally operating a motor vehicle without ever receiving a license as class C misdemeanors in 2016.

[13]     In addition, the PSI indicates that Collins violated work release in 2006 by stealing from another work release participant and was transported to the Tippecanoe County Jail; a notice of work release rejection was filed in February 2008 due to his possessing contraband and providing a false statement to a work release officer, and he was transported to jail; he tested positive for cocaine and marijuana in May 2008; a notice of home detention violation was filed in November 2008 due to his being found at a motel injecting cocaine, and he was remanded to jail; and a petition to revoke probation was filed in 2011 due to his testing positive for marijuana, and the petition was found true. The PSI further states Collins failed to report to the probation department after his guilty plea hearing in November 2016 and has a long history of non-compliance with community-based services. The PSI also observes that a presentence investigation report filed in another cause indicated that Collins had been diagnosed with bipolar disorder and manic depressive disorder at ten years of age, was diagnosed with generalized anxiety disorder more recently, lost hearing due to contracting spinal meningitis in 2000 and had surgeries related

to his hearing loss, and reported a history of using and/or abusing alcohol, marijuana, cocaine, crack cocaine, methamphetamine, and heroin.

[14] After due consideration, we conclude that Collins has not sustained his burden of establishing that his sentence of two and one-half years to be served on community corrections if accepted is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

[15] For the foregoing reasons, we affirm Collins's sentence.

[16] Affirmed.

May, J. and Pyle, J., concur.