## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2017, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary L. Watts,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 28, 2017

Court of Appeals Case No.
49A05-1611-CR-2647

Appeal from the Marion Superior Court

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1608-F5-31816

**Vaidik, Chief Judge.**

# Case Summary

[1] Gary Watts appeals his conviction and sentence for Level 5 felony burglary. He argues that the evidence is insufficient to support his conviction and that his sentence is inappropriate. Finding the evidence sufficient and his sentence not inappropriate, we affirm.

# Facts and Procedural History

[2] On August 10, 2016, around 2:00 a.m., Richard McCoy and his family were sleeping inside their home near 33rd Street and Washington Boulevard in Indianapolis when the security system alerted them to an entry into their detached garage. McCoy called 911. While McCoy spoke to the 911 dispatcher, he noticed that both the entrance door and the overhead garage door were open. Additionally, he saw a person exit the garage with his son's blue Cannondale bicycle. Within a minute and a half, Officers Robert Hons and Blake Littrell of the Indianapolis Metropolitan Police Department responded to McCoy's call. McCoy informed Officer Hons that the person rode away on his son's bicycle northbound into the alley by the garage.

[3] Following that lead, Officer Hons saw Watts riding the bicycle north on Washington Boulevard near 33rd Street. When Officer Hons stopped his patrol car, Watts "cut" west onto 33rd Street and then turned north into an alley. Tr. Vol. II p. 24. The officers stopped Watts coming out of the alley. Watts told the officers that he had "just" purchased the bicycle for "$20 or $30." *Id*. at 32.

Watts was arrested. Afterwards, the officers returned to McCoy's house. McCoy identified the bicycle as his son's, and the officers returned it to him. Upon a garage inspection, McCoy informed the officers that a second bicycle was missing and that the entrance door had been damaged by what looked like a metal tool. The officers did not find the second bicycle.

[4] The State charged Watts with Level 5 felony burglary and Level 6 felony theft. A bench trial was held. During closing argument, defense counsel argued that Watts bought the bicycle and did not know it was stolen. The court found him guilty of burglary:

> I really can't find the interpretation of buying a bicycle at 2:00 a.m. in the morning, within minutes after a burglary has occurred, to be reasonable. . . . [F]act finders are allowed to use their common sense and experience gained from day-to-day living. And it just stretches the imagination to . . . believe that these things happened within such a short period of time. . . . And you were caught basically red-handed with a piece of property that was taken from the McCoys' garage, so the Court does believe that you're guilty.

*Id.* at 39-40. The trial court also found Watts guilty of theft but entered judgment of conviction for burglary only due to double-jeopardy concerns.

[5] At the sentencing hearing, the trial court identified two aggravating circumstances: (1) Watts's "significant" criminal history, including two prior burglary convictions and (2) he was on probation for theft at the time of this offense. *Id.* at 65. The court identified two mitigating circumstances: (1) prolonged incarceration would cause undue hardship to his elderly

grandmother (whom he took care of) and (2) Watts's health issues. The court sentenced Watts to five years, with four years in the Department of Correction followed by one year on work release.

[6] Watts now appeals.

# Discussion and Decision

[7] Watts raises two issues on appeal. He contends that the evidence is insufficient to support his conviction and that his sentence is inappropriate.

# I. Sufficiency of the Evidence

[8] Watts first contends that the evidence is insufficient to support his conviction for Level 5 felony burglary. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the judgment. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* (quotation omitted). The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[9] In order to convict Watts as charged here, the State had to prove beyond a reasonable doubt that he broke into and entered McCoy's garage with intent to commit a felony (theft) in it. Appellant's App. Vol. II p. 17; *see also* Ind. Code § 35-43-2-1. Watts argues that "[t]he State failed to prove that [he] was the person who pried open . . . McCoy's garage door or that he was the individual . . . McCoy observed in his garage." Appellant's Br. p. 7. Conceding that he was discovered near the scene of the burglary shortly after it occurred in possession of property taken from that crime, Watts nevertheless claims that the evidence "is only sufficient to show he received stolen property." *Id.* He posits that because the second bicycle was never found and "he did not possess any burglary tools," another person burglarized the garage, and he merely "took possession of stolen goods." *Id.* at 8.

[10] The record reflects that McCoy spoke to the 911 dispatcher as a person rode his son's bicycle northbound into the alley by the garage. IMPD officers stopped Watts within minutes of McCoy's 911 call riding the bicycle. When Officer Hons first spotted Watts and stopped his patrol car, Watts turned onto a street and then into an alley before he was eventually apprehended. Watts argued to the trial court that he did not take the bicycle from McCoy's garage but rather just recently purchased it. However, the trial court found this story to be unbelievable given the time of day as well as the short amount of time in between the occurrence of the burglary and Watts's apprehension. Watts's argument is merely a request for us to reweigh the evidence, which we will not

do.  Accordingly, the evidence is sufficient to support Watts's conviction for Level 5 felony burglary.

# II. Appropriateness

[11]  Watts next contends that his five-year sentence—with four years executed in the DOC and one year on work release—is inappropriate in light of "the relatively low pecuniary loss, no violence and low potential for violence" of the burglary as well as his poor health and the fact that he is "the loving primary caregiver for his elderly grandmother."  Appellant's Br. p. 6.

[12]  The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision.  *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014).  This Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the defendant."  Ind. Appellate Rule 7(B).  "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review."  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case.  *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[13] A person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Here, the trial court sentenced Watts to five years.

[14] We agree with Watts that there is nothing particularly remarkable about the nature of the offense. Watts broke into McCoy's detached garage in the middle of the night and took a bicycle.

[15] But Watts's character supports his above-advisory sentence. Watts has an extensive criminal history, including numerous property convictions. He has at least ten felony convictions and twelve misdemeanor convictions. Most importantly, he has two burglary convictions—the same conviction as here— from 2005 and 2008 and was on probation for theft at the time he committed this offense. He has also violated probation or community corrections multiple times. As the trial court stated, "our hope as a community, that these prior attempts at rehabilitation would've convinced you that you need to change your decisions. And at 43 years of age, I'm afraid that you've not gotten that message." Tr. Vol. II p. 67. Although Watts has health issues and takes care of his elderly grandmother, he has not taken advantage of the opportunities he has been given. He has failed to persuade us that his five-year sentence is inappropriate.

[16] Affirmed.

Bailey, J., and Robb, J., concur.