## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2017, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stanley B. Kyles,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 30, 2017

Court of Appeals Case No.
02A03-1702-CR-412

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1611-F6-1200

**Bailey, Judge.**

# Case Summary

Stanley B. Kyles ("Kyles") pleaded guilty to Theft, as a Level 6 felony,[1] and now challenges the appropriateness of his two-year sentence.

We affirm.

# Facts and Procedural History

On November 2, 2016, the State charged Kyles with Theft, as a Level 6 felony, and later amended the charging information. The amended information alleged that Kyles committed the offense on October 27, 2016, while acting in concert with Judith Neaville ("Neaville").

On January 10, 2017, Kyles pleaded guilty as charged, and the trial court held a sentencing hearing on February 10, 2017. The trial court imposed a sentence of two years imprisonment,[2] and Kyles now appeals his sentence.

# Discussion and Decision

Kyles asks that we revise his sentence. Pursuant to Appellate Rule 7(B), we may revise a sentence if, "after due consideration of the trial court's decision," we find that "the sentence is inappropriate in light of the nature of the offense

---

[1] Ind. Code § 35-43-4-2(a).

[2] There appears to be a misstatement in the trial court's oral pronouncement of sentence, but the parties agree that Kyles received a sentence of two years.

and the character of the offender." In conducting our review, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of our review is to attempt to leaven the outliers, not to achieve the "correct" result in each case. *Id.* at 1225. Moreover, the defendant bears the burden of persuading us that his sentence is inappropriate. *Whatley v. State*, 928 N.E.2d 202, 207-08 (Ind. 2010).

[6] The advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year.

[7] As to the nature of the offense, Kyles was at a store with Neaville when he signaled to Neaville that there was a wallet by the checkout area. Neaville then put the wallet in her purse. We see nothing particularly remarkable about the nature of the offense.

[8] Turning to the character of the offender, Kyles reports that he has a good relationship with his family, and aspires to obtain a GED, further his education, and eventually become a paralegal—this is laudable. Kyles also points out that he accepted responsibility for his actions and pleaded guilty, however, we note that Kyles minimized his role in the crime, telling the probation department: "I didn't tell her to pick it up and I didn't tell her to steal it, but I was there making me part of it. I'm going to plea[d] guilty to get this shit over with." App. Vol. II

at 21. Moreover, although Kyles expressed some remorse at the sentencing hearing, he again minimized his role: "Well, I'm sorry for what I did and, like I said, I just pointed it out." (Tr. at 6.)

[9] We also observe that Kyles, who is fifty-four, has a long history of disregarding the law. As a juvenile, he was twice adjudicated a delinquent, including an adjudication for actions that would constitute theft if committed by an adult. Kyles has also amassed twenty-one misdemeanor convictions. Many of these misdemeanor convictions signal an unremedied problem with substance abuse, which Kyles acknowledges has been a problem for him, and for which he requested treatment at the sentencing hearing. Yet, Kyles also has multiple convictions for resisting law enforcement, criminal mischief, trespass, and domestic battery. Moreover, in addition to his misdemeanor record, Kyles has seven felony convictions, including two convictions for invasion of privacy and convictions for robbery, involuntary manslaughter, criminal recklessness, theft, and dealing in cocaine. Kyles has had his suspended sentence revoked six times, and he committed the instant offense while on probation—indeed, just three weeks earlier, Kyles had been released to probation from the Department of Correction. As noted by the trial court, Kyles has been "given the benefit of short jail sentences, longer jail sentences, active adult probation, Hope Probation, the Department of Correction, parole, multiple attempts at treatment, and community service." (Tr. at 7). Yet, Kyles continues to exhibit a disregard for the law.

Having given due consideration to the trial court's sentencing decision, and in light of the nature of the offense and Kyles's character, we cannot say that Kyles received an inappropriate sentence.

# Conclusion

The trial court did not impose an inappropriate sentence.

Affirmed.

Vaidik, C.J., and Robb, J., concur.