## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 21 2018, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason H. Bader, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | February 21, 2018 <br><br> Court of Appeals Case No. <br> 79A02-1706-CR-1404 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. <br> 79D01-1608-F2-25 |

**Brown, Judge.**

[1] Jason H. Bader appeals his sentence for dealing in methamphetamine, dealing in a synthetic drug or lookalike substance, and possession of paraphernalia. Bader raises one issue which is whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

*Facts and Procedural History*

[2] In the morning of August 18, 2016, law enforcement approached Bader and a woman while they were seated in the front seats of Bader's vehicle located in a Walmart parking lot in order to serve them with court documents. Bader handed a bag containing methamphetamine to the woman, and the woman threw the bag out of the window because the police were approaching. The officers noticed that it smelled as if the vehicle's occupants had been smoking synthetic marijuana. The officer confirmed that the woman may have a warrant, asked her to exit the vehicle, and, after she did so, noticed the bag of methamphetamine on the ground near his feet and believed she had dropped it. The bag contained 12.91 grams of methamphetamine. The police further discovered two bags of a synthetic cannabinoid, one which weighed 21.87 grams and the other 342 grams, a glass pipe with a white crystal residue in it, a digital scale, a cell phone, and a notebook. Bader told one of the officers that, "if [they] threw out the meth he would take the spice charges." Transcript Volume 2 at 78.

[3] The State charged Bader with: Count I, dealing in methamphetamine as a level 2 felony; Count II, possession of methamphetamine as a level 4 felony; Count

III, dealing in a synthetic drug or lookalike substance as a level 6 felony; Count IV, possession of a synthetic drug or lookalike substance as a class A misdemeanor; Count V, possession of a synthetic drug or lookalike substance while having a prior conviction as a level 6 felony; and Count VI, possession of paraphernalia as a class C misdemeanor. A jury found Bader guilty on Counts I, II, III, and IV, and of possession of paraphernalia as a class C misdemeanor.[1] The court found Bader's history of criminal or delinquent behavior, that he violated his bond, that he was on probation when he committed the instant offenses, his history of substance abuse, and that prior attempts at rehabilitation have been unsuccessful as aggravating factors. It found his work history and the support of his family and friends as mitigating factors and that the aggravating factors outweighed the mitigating factors. The court merged Count II with Count I and Count IV with Count III, vacated Counts II and IV, and dismissed Count VI. It entered convictions for dealing in methamphetamine as a level 2 felony under Count I, dealing in a synthetic drug or lookalike substance as a level 6 felony under Count III, and possession of paraphernalia as a class C misdemeanor under Count V. Bader was sentenced to twenty-two years with four years to be served in community corrections and two years suspended to probation on Count I, two years on Count III, and sixty days on

---

[1] The court's jury trial minutes indicate that Bader was found guilty of possession of paraphernalia as a class C misdemeanor under Count V and that, on motion of the State, Count VI was dismissed. The court's abstract of judgment also indicates the court entered a conviction for possession of paraphernalia as a class C misdemeanor under Count V and that the charge for possession of synthetic drug or lookalike substance as a level 6 felony under Count VI was dismissed.

Count V all concurrent, for an aggregate sentence of twenty-two years with sixteen years in the Indiana Department of Correction, four years in community corrections, and two years suspended to probation.

## *Discussion*

[4] The issue is whether Bader's aggregate sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] Bader asserts his aggregate sentence is inappropriate and argues that his offense constitutes a level 2 felony because he possessed two grams more than the ten-gram threshold, that he "is a far cry from being categorized as a drug 'king pin,'" and that he delivered methamphetamine primarily to friends and family for free. Appellant's Brief at 10. He further argues that his good character is evidenced by the support he received from friends, family, and co-workers, that he has only one prior felony conviction and one prior narcotics-related conviction which was a misdemeanor, that he has a strong work history, and that he expressed remorse at sentencing.

[6] The State maintains that Bader was convicted of three crimes, sold methamphetamine and synthetic marijuana while on probation, tried to

convince an officer to destroy evidence, and that the police found 12.91 grams of methamphetamine and over 360 grams of synthetic marijuana. It also argues that it is not true that Bader primarily delivered methamphetamine for free and that, even if Bader did give away his product for free, a bad businessman is as much a dealer as a good one. With respect to Bader's character, the State points to his criminal history and argues that he continues to commit crimes and violate his probation despite prior leniency and that he has had opportunities to rehabilitate but has refused to help himself.

[7] A person who commits a level 2 felony shall be imprisoned for a term of between ten and thirty years with the advisory sentence being seventeen and one-half years, Ind. Code § 35-50-2-4.5; a person who commits a level 6 felony shall be imprisoned for a term of between six months and two and one-half years with the advisory sentence being one year, Ind. Code § 35-50-2-7; and a person who commits a class C misdemeanor shall be imprisoned for a term of not more than sixty days, Ind. Code § 35-50-3-4.

[8] Our review of the nature of the offenses reveals that Bader possessed, with intent to deliver, methamphetamine and synthetic cannabinoid and knowingly or intentionally possessed a glass pipe intended to be used for introducing a controlled substance into a person's body. The police discovered 12.91 grams of methamphetamine and over 360 grams of synthetic cannabinoid as well as a digital scale. Bader told one of the police officers that he would take spice charges if the officers would throw out the methamphetamine.

[9] Our review of the character of the offender reveals that, according to the presentence investigation report (the "PSI"), Bader's criminal history includes theft as a juvenile in 1990, battery as a class B misdemeanor in 1993, public intoxication as a class B misdemeanor in 1994, operating a vehicle while intoxicated as a class A misdemeanor in 2001, public intoxication as a class B misdemeanor in 2007, battery resulting in bodily injury as a class A misdemeanor in 2008, two counts of domestic battery as class A misdemeanors in 2013, domestic battery as a class D felony in 2014, possession of a synthetic drug or lookalike substance as a class A misdemeanor in 2015, and domestic battery as a class A misdemeanor and unauthorized entry of a motor vehicle as a class B misdemeanor in 2016. The PSI states that Bader has had fourteen petitions to revoke probation filed against him, with four pending, and that he was on probation at the time he committed the instant offenses. He reported that he has been employed by a laborers union since 1998, and presented evidence at sentencing that he was part of a local laborers union, worked consistently since 2000, and worked long hours. The PSI indicates that he reported first consuming alcohol when he was ten years old and drugs when he was twelve years old, and he reported extensive prior use of marijuana, synthetic marijuana, cocaine, crack cocaine, methamphetamine, LSD, mushrooms, heroin, Xanax, Oxycodone, and Adderall. The PSI provides that, when asked the role drugs or alcohol played in the instant offenses, Bader reported "[i]t was all about getting drugs for our addictions, same as every case I've been arrested for." Appellant's Appendix Volume 2 at 119. The record reveals that the court signed an order on March 31, 2017, which states that

Bader failed a drug screen and tested positive for methamphetamine and his bond revoked. Bader expressed remorse towards his family and community. The PSI indicates that his overall risk assessment score using the Indiana risk assessment system places him in the very high risk to reoffend category. The probation officer who prepared the PSI recommended that Bader receive a sentence of twenty-two years with four years served on community corrections and two years suspended to probation.

[10] After due consideration, we conclude that Bader has not sustained his burden of establishing that his aggregate sentence is inappropriate in light of the nature of the offense and his character.

### *Conclusion*

[11] For the foregoing reasons, we affirm Bader's aggregate sentence.

[12] Affirmed.

Baker, J., and Riley, J., concur.